## T. B. BOND v. S. E. CARTER.

### No. 1061. Decided March 26, 1903.

**Jurisdiction of Court of Civil Appeals—Transfer of Causes.**

The Constitution does not limit the jurisdiction of courts of civil appeals to cases arising in their respective districts; under art. 5, sec. 6, they are given such other jurisdiction as may be prescribed by law, and under this the law for transfer of causes from the court of one supreme judicial district to that of another is constitutional.

Motion to annul an order transferring this cause from the Fifth to the Fourth Supreme Judicial District.

*Vaughan & Works* and *A. P. McKinnon,* attorneys for appellee, for motion.

GAINES, CHIEF JUSTICE.—This is a motion to annul an order of this court entered on the 19th day of January, 1903, which directed a transfer of this case from the Court of Civil Appeals for the Fifth Supreme Judicial District to that of the Fourth Supreme Judicial District. The case, together with others, was ordered to be transferred in pursuance of the act of the Legislature of April 19, 1895, which for the purpose of equalizing the labors of the courts of civil appeals and expediting the dispatch of business in such courts provided that this court shall make once each year at least an order transferring cases from one of such courts to another. The ground of the motion is that the act is not warranted by the Constitution. The argument is, that the amended article of the Constitution which created the courts of civil appeals limited their jurisdiction to cases arising in their respective districts. The language relied upon to support the position is found in section 6 of article 5 of the Constitution as amended September 22, 1891, and reads as follows: "Said courts of civil appeals shall have appellate jurisdiction coextensive with the limits of their respective districts, which shall extend to all civil cases of which the district court or county courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law." Counsel seem to have lost sight of another clause found further on in the same section, which is as follows: "Said courts shall have such other jurisdiction, original and appellate, as may be prescribed by law." Laws 1891, p. 199; Axtell's Constitution of Texas, p. 135. We think this broad and comprehensive provision amply sufficient to authorize the act in question. The failure of counsel to refer to this clause in the section was probably due to the fact that it was omitted, presumably by inadvertence, from the copy of the amendment as found in the Constitution printed with the Revised Statutes of 1895.

The motion is overruled.

*Overruled.*