**Ex parte Eunice Lee COLEMAN.**

**No. 46373.**

Court of Criminal Appeals of Texas.

Nov. 29, 1972.

John Mustochio, Houston, Harry Walsh, Roy Greenwood, Huntsville, for appellant.

Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is a post conviction application for writ of habeas corpus brought under the provisions of Article 11.07, Vernon's Ann. C.C.P.

The petitioner was convicted by a jury of the offense of rape and assessed a punishment of 50 years. Sentence was imposed on March 19, 1958. No appeal was taken.

Without the necessity of detailing prior habeas corpus proceedings in both state and federal courts, we observe that petitioner filed a habeas corpus petition in the convicting court alleging, in effect, that he had been indigent at the time of his conviction; had been represented by appointed counsel; had not been advised of his right of appeal, and had been deprived of his right of appeal.

The trial court appointed counsel for petitioner and then determined that the petitioner was entitled to an out-of-time appeal, but that such was impossible since the transcription of the court reporter's notes had been lost since the time of petitioner's conviction in 1958.

We agree with the trial court's findings. Since a transcription of the testimony of petitioner's trial is no longer available and he cannot be granted an effective out-of-time appeal, his conviction for rape is void. The habeas corpus petition is granted, the conviction is set aside and the petitioner is ordered remanded to the custody of the Sheriff of Harris County to answer the indictment in Cause No. 82,087 in the 176th District Court. See Ex parte Coleman, 455 S.W.2d 209 (Tex.Cr.App.1970).

It is so ordered.

ODOM, J., not participating.