**Hershey WALTON, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–820–633–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 1, 1983.

Gladys Burwell, Texas City, for appellant.

James Hury, Galveston, for appellee.

Before JACK SMITH, BULLOCK and COHEN, JJ.

## OPINION

COHEN, Justice.

Appellant pleaded guilty and was convicted of possession of a controlled substance (cocaine). Pursuant to a plea bargain agreement, the court assessed punishment at 10 years confinement.

Appellant's court-appointed counsel has filed a brief in which she states her opinion that the appeal is wholly frivolous and without merit. The brief clearly meets the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), by presenting a professional evaluation of the record and advancing 12 arguable grounds of error on appeal. *Gainous v. State*, 436 S.W.2d 137 (Tex.Cr.App.1969). *See also High v. State*, 573 S.W.2d 807 (Tex.Cr.App.1978); *Jackson v. State*, 485 S.W.2d 553 (Tex.Cr.App.1974). A copy of counsel's brief has been delivered to appellant, and he has been advised that he has a right to file a pro se brief. No pro se brief has been filed.

We have carefully reviewed the record and counsel's brief. In the interest of justice we will discuss appellant's first ground of error. He contends that he is denied his right to appeal due to the unavailability of the court reporter's notes of his trial. Appellant cites *Ex parte Mays*, 510 S.W.2d 606 (Tex.Cr.App.1974), and *Ex parte Coleman*, 487 S.W.2d 119 (Tex.Cr.App.1972) in support of his argument. In those cases, the court reporter's notes of jury trials were lost, making it impossible to produce the statement of facts. The appellant here pleaded guilty to the charges in the indictment. The District Clerk's transcript, containing appellant's plea, sworn written judicial confession, stipulation of evidence, and waiver of rights is before this court. There is no indication that any proceedings have been taken down by a court reporter. No court reporter's name is mentioned on the docket sheet, and there is no indication that any testimony was ever heard. There is no affidavit before us from the appellant, his trial attorney, or any other witness to the contrary. There are letters from several Galveston County court reporters stating that they did not record the proceedings and do not know who, if anyone, did so.

The right to have proceedings transcribed by a court reporter must be requested and may be waived. Tex.Code Crim.Pro.Ann. art. 40.09, § 4 (Vernon Supp.1982); *Wells v. State*, 578 S.W.2d 118 (Tex.Cr.App.1979). *Presley v. State*, 538 S.W.2d 624, 626 (Tex.Cr.App.1976). The appellant executed a broad waiver of his rights, which was introduced at trial, as authorized by Tex.Code Crim.Pro.Ann. art. 1.14 (Vernon 1974). The waiver was signed and sworn to by the appellant personally and by his attorney. It states:

In accordance with art. 1.14 C.C.P., the defendant now in writing and in open court, waives any and all rights secured him by law, whether of substance, form or procedure, including time limitations imposed under Chapter 32, C.C.P. (Speedy Trial), and ... further state(s)

**312**

that any error which may have been committed is harmless.

Art. 1.14 permits the waiver of any right, except trial by jury in a capital case. It is difficult to imagine a broader waiver of rights, especially when joined with the stipulation of harmless error.

We conclude that the appellant has waived the right to have proceedings recorded by a court reporter in the trial court. All other grounds raised have been examined and determined to be frivolous.

The judgment is affirmed.