**David Brian POLASEK, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–98–00328–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

March 16, 2000.

Rehearing Overruled May 12, 2000.

---

**8.**  Tex. Const. art.  V, § 12(b).

Donald W. Rogers, Jr., Houston, for Appellant.

Calvin Hartmann, John B. Holmes, William Delmore, III, Houston, for State.

The original panel consisted of Justices O'CONNOR, TAFT and PRICE.*

---

En banc Court consists of Chief Justice SCHNEIDER and Justices COHEN, MIRABAL, O'CONNOR, WILSON, HEDGES, ANDELL, TAFT, NUCHIA, PRICE, and ROBERTSON.**

## EN BANC OPINION ON MOTION FOR REHEARING

TIM TAFT, Justice.

On December 2, 1999, a majority of this Court sitting en banc affirmed appellant's conviction for criminal trespass. Although we deny appellant's motion for rehearing, we withdraw our original opinion and issue this one in its place.

A jury convicted appellant, David Brian Polasek, of criminal trespass. The trial court sentenced appellant, as a second offender, to 120 days in jail. We determine the validity of a change in the appellate rules, calling for the court reporter to record proceedings unless excused by agreement of the parties, where the predecessor rule and statute required a court reporter to record proceedings only upon request.

As a threshold matter, we call attention to the unusual procedure that required us to utilize two visiting justices to obtain an en banc decision that could have been contrary to the decision of a majority of elected justices on the Court. We note that both of the issues we address arise from substantive changes made in amending the appellate rules. We also address several procedural issues raised in appellant's motion for rehearing. We affirm.

### I. En Banc Procedure

In his motion for rehearing, appellant presents several complaints about the en banc procedure employed by this Court in: (1) denying oral argument; (2) denying notice of en banc consideration of the case; (3) denying notice of the name of the visiting justice appointed as a tie breaker; (4)

---

\* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

** The Honorable Sam Robertson, retired Justice, Court of Appeals, Fourteenth District of Texas at Houston, participating by assignment.

considering the case en banc before a panel issued an opinion; and (5) continuing the participation of the tie-breaking visiting justice after a tie no longer existed. Appellant also moves to disqualify Justice Sam Robertson, the visiting justice appointed as tie breaker.

## A. Denial of Oral Argument

■ Appellant first claims this Court abused its discretion by refusing to hear oral argument in this case. Appellant relies on rule 39.8 of the Rules of Appellate Procedure, which states, "In its discretion, the court of appeals may decide a case without oral argument if argument would not significantly aid the court in determining the legal and factual issues presented in the appeal." Tex.R.App. P. 39.8. Appellant argues that oral argument obviously would have been of assistance to resolve a question of first impression as to the validity and requirements of a new rule of appellate procedure. Appellant also points to the resulting disagreement among the members of the en banc court as demonstrating the need for oral argument. Appellant claims he has been deprived of his constitutional rights to due process of law, due course of law, and open courts.

The fallacy of appellant's arguments is its assumption that the determination of whether to hear oral argument is objective. It is not. A majority of the panel or en banc court determines whether it thinks oral argument would be helpful. Notice is given to the parties accordingly. A party may persist and request reconsideration of the decision to deny oral argument, but ultimately a majority of the panel will decide whether it thinks oral argument would be helpful. On the other hand, even if there is no request for oral argument, or an outright waiver, the court may decide oral argument would be helpful and may order the parties to appear to present it. The purpose of oral argument is to help the court. Therefore, it must be the court that decides what it thinks would be helpful. At any point in the process, the court can always stop and hold oral arguments, if a majority of the court thinks it would be helpful.

Although not mentioned by appellant, it could be argued that an additional reason for not denying oral argument is that the former rule of appellate procedure afforded a right to present oral argument. See former Tex.R.App. P. 75(a) (**"Right to Argument.** When a case is properly prepared for submission, any party who has filed briefs in accordance with the rules prescribed therefor and who has made a timely request for oral argument under (f) hereof may, upon the call of the case for submission, submit an oral argument to the court.") (emphasis in original to indicate title of subsection).[1] We point out a crucial distinction between the change in the rule pertaining to oral argument and the other rules we examine below. Contrary to the rules relating to the composition of an en banc court and the presence of a court reporter to record proceedings, the rule pertaining to oral argument does not have its roots in a statute. Therefore, this is an area in which the courts are free to formulate rules of their own making for the benefit of the appellate process without concern for substantively changing a rule that the legislature has made. Thus, there is not the same concern for recognizing the basic principle of separation of powers in the case of a rule originally formulated by the courts, as for a rule with legislative roots that the legislature authorized the courts to enact without changing the substantive rights of the litigants.

Because we view our internal decision whether to grant, deny, or require oral argument as absolutely discretionary and unreviewable, we overrule appellant's first objection.

## B. Denial of Notice of En Banc Consideration

Appellant seizes on language in our original opinion making reference to an opin-

---

1. Tex.R.App. P. 75(a), 49 Tex. B.J. 580 (Tex. Sup.Ct. and Tex.Crim.App.1986).

ion "issued" by the Panel. Appellant complains this panel opinion was not filed by the clerk of the court so that appellant would have an opportunity to address it. Appellant also complains that he did not receive notice that the case would be considered en banc. Appellant again claims denial of his constitutional rights to due process, due course of law, and open courts.

■ Our use of the term "issued" in regard to the panel opinion was erroneous. No panel opinion was ever issued in this case. What happened is that a member of the court requested en banc review before the panel opinion issued. This procedure is authorized by rule 41.2(c) of the Rules of Appellate Procedure, which states, in pertinent part, "A vote to determine whether a case will be heard or reheard en banc need not be taken unless a justice of the court requests a vote." Tex.R.App. P. 41.2(c). The rules do not require notice to the parties of these internal operations of the court. Any objections to the process can be made, as appellant has in this case, upon issuance of the en banc decision of the court. We do not see how this denies appellant's rights to due process of law, due course of law, and open courts. We overrule appellant's second objection.

## C. Denial of the Names of Appointed Visiting Justices

■ Appellant relies on rule 39.9(d) of the Rules of Appellate Procedure to argue that notice must be given to the parties as to the identity of the justices who will hear a case. Appellant extrapolates the rule to argue that it requires notice of the identity of a visiting justice appointed to break a tie. Appellant claims he was deprived of his right to move to disqualify or recuse Justice Robertson in this case, as a result of not being given notice. Appellant relies on Justice O'Connor's dissenting opinion on rehearing in *Benavides v. State*, 992 S.W.2d 511 (Tex.App.—Houston [1st Dist.] 1999, pet. ref'd). Justice O'Connor's dissenting opinion stated her belief that this Court should have considered issues we address here regarding lack of notice to the parties whenever en banc review is requested internally. *Id.* at 533–34 (O'Connor, J., dissenting). However, rule 39.9(d) expressly warns that the notice parties receive regarding the identity of the members of the panel to which the case will be argued or submitted is subject to change by the Court. Tex.R.App. P. 39.9(d). Two such changes occurred in this case as a result of a request for en banc review and the necessity of a tie breaker. As in Benavides, and in this case, we can consider any objections to the procedure or motions to recuse or disqualify on motion for rehearing. See *Benavides*, 992 S.W.2d at 533 (O'Connor, J., dissenting). Again, we see no denial of appellant's constitutional rights in this procedure.

## D. Motion to Disqualify Justice Robertson

As an additional part of his third objection, appellant moves to disqualify Justice Robertson pursuant to rule 16.1 of the Rules of Appellate Procedure. Appellant asserts that Justice Robertson is a non-elected justice whose service violates Article V, section 6 of the Texas Constitution, which requires justices of the courts of appeals to be elected by qualified voters of their respective districts at a general election for a term of six years. We note that appellant makes no complaint about Justice Price, who is also a visiting justice in this case. Of course, Justice Price has voted in favor of appellant's position, while Justice Robertson has not. Appellant's selectivity in moving to disqualify detracts somewhat from the seriousness of his claim.

■ Justice Robertson was appointed by the Chief Justice of the Texas Supreme Court pursuant to rule 41.2(b) of the Rules of Appellate Procedure. Tex.R.App. P. 41.2(b). The Texas Legislature has also authorized the Chief Justice of the Texas Supreme Court to assign qualified justices

for active service regardless of whether a vacancy exists in the court to which the justice is assigned. TEX. GOV'T CODE ANN. § 74.003(b) (Vernon 1998). Appellant makes no constitutional attack on section 74.003(b). Even though many, if not all, of the courts of appeals use visiting justices appointed pursuant to section 74.003(b), there appears to have been no reported case involving a motion for disqualification. We believe that appointment of visiting justices to sit on courts of appeals pursuant to rule 41.2(b) and section 74.003(b) does not violate article V, section 6 of the Texas Constitution. Indeed, the constitutional provision expressly provides that courts of appeals have other officials as may be provided by law. TEX. CONST. art. V, § 6 ("The state shall be divided into courts of appeals districts, with each district having a Chief Justice, two or more other Justices, and such other officials as may be provided by law."). Visiting justices have been provided by law. Accordingly, we overrule appellant's motion to disqualify Justice Robertson. We also overrule appellant's third objection.

### E. En Banc Review Before Panel Opinion Issued

■ Appellant argues that en banc review should not have been conducted until after issuance of a panel opinion, relying again on Justice O'Connor's dissenting opinion in *Benavides.* We have already decided that our procedure is in compliance with rule 41.2(b) (providing for en banc review upon court vote requested by a justice). Appellant claims that rule 41.1(a) provides support for his position. The pertinent part of rule 41.1(a) states "Unless a court of appeals with more than three justices votes to decide a case en banc, a case must be assigned to a panel of the court consisting of three justices." TEX.R.APP. P. 41.1(a). We do not see how rule 41.1(a) supports appellant's position. It does not say anything about en banc review occurring only after issuance of a panel opinion. All it says is that, unless the court votes to decide the case en banc,

it will be heard by a panel of three justices.

Appellant also argues that rule 41.2(c) of the Rules of Appellate Procedure contemplates en banc review only in extraordinary circumstances or to maintain uniformity in the court's decisions, stating that en banc consideration is not favored. TEX. R.APP. P. 41.2(c). Appellant claims that, because this is a case of first impression, en banc review could not have been granted to obtain uniformity in the court's decisions. Appellant also asserts that no extraordinary circumstances are shown. We hold that our internal decision to proceed en banc is a matter of absolute discretion that is not reviewable, however, and we reject appellant's position that en banc review can come only after a panel opinion was issued. We overrule appellant's fourth objection.

### F. Tie–Breaking Justice Should Not Remain After Realignment

■ Finally, appellant claims that, because rule 41.2(b) only authorizes appointment of a justice to break a tie, the final count showing a six-to-four vote for affirmance eliminated the tie thereby requiring that Justice Robertson be excused. It is true that, after Justice Robertson was appointed, the five-to-five tie changed to six-to-four. However, there is nothing in rule 41.2(b) that requires the tie-breaking justice to be excused under these circumstances. The rule states that the appointment is for the temporarily-assigned justice "to sit with the court of appeals to consider the case." TEX.R.APP. P. 41.2(b). Accordingly, we reject appellant's final attack on the en banc procedures taken in this case. We overrule appellant's fifth objection.

### II. Constitution of En Banc Court

Appellant is not the only one with a complaint about the procedure in this case. We address a change in the appellate rules that required us to resort to appointment

of an eleventh justice, *i.e.*, a second visiting justice, to resolve this case.

Under former Texas Rule of Appellate Procedure 79(d),[2] a majority of the membership of the court constituted a quorum: "Where a case is submitted to an en banc court, whether on motion for rehearing or otherwise, a majority of the membership of the court shall constitute a quorum and the concurrence of a majority of the court sitting en banc shall be necessary to a decision." Former TEX.R.APP. P. 79(d) (superseded effective September 1, 1997). Former rule 79(d) tracked section 22.223(b) of the Government Code: "When convened en banc, a majority of the membership of the court constitutes a quorum and the concurrence of a majority of the court sitting en banc is necessary for a decision." TEX. GOV'T CODE ANN. § 22.223(b) (Vernon 1988). Although no case had authoritatively construed the provision,[3] which was enacted in 1985, the practice of this Court had been to include only elected justices of this Court in en banc decisions.

The new rules added a new definition of en banc court: "An en banc court consists of all members of the court who are not disqualified or recused and—if the case was originally argued before or decided by a panel—any members of the panel who are not members of the court but remain eligible for assignment to the court." TEX. R.APP. P. 41.2(a). When en banc review was called for in this case, we employed the new definition of "en banc court" by including the visiting justice from the panel that originally issued the opinion. The vote was five to five, so the presence of the visiting justice triggered the requirement, under both the old and new rule, of asking the Chief Justice of the Supreme Court of Texas to appoint another visiting justice to

break the tie. *See* TEX.R.APP. P. 41.2(b). This created the possibility that the two visiting justices could have voted with a minority of four elected justices on this Court to defeat the will of the majority of the elected justices. Such a frustration of the will of the majority of elected justices did not happen in this case, but we point out this potential result of the change of the definition of en banc court for the consideration of the rule-making committee.

We also bring this up for the high courts to consider whether the rule makers have the authority to make substantive changes from an appellate rule previously established by statute.[4] The court of criminal appeals has held that there is no such authority. In *Lyon v. State*, the court of criminal appeals was faced with the construction of a rule of appellate procedure that appeared to vary from the repealed statutory provision from which it was derived. 872 S.W.2d 732, 735–36 (Tex.Crim. App.1994). Because the legislative delegation of rule-making authority to the court of criminal appeals expressly precluded substantive changes, the court was constrained to interpret the rule so as not to modify the previous statutory provision. *Id.* Stronger reason exists in this case to adhere to the statute, which has not been repealed.

The result in our case is the same whether the new rule or the old rule (and existing statute) is applied, so the question of the validity of the rule amendment is not ripe for our consideration. Furthermore, it is more appropriate for the high courts to resolve the issue because they have the rule-making authority. We merely emphasize the importance of the issue in light of its ramifications to the

---

2. TEX.R.APP. P. 79(d), 49 Tex. B.J. 581 (Tex. Sup.Ct. and Tex.Crim.App.1986).

3. *One opinion addressed the provision, but not in a situation involving a visiting justice. See Saenz v. Fidelity & Guar. Ins.*, 925 S.W.2d 607, 610–12 (Tex.1996).

4. In this case, the rule change conflicts not only with a prior statute, but also with an existing statute.

important, basic principles of separation of powers and rule of law.

### III. Court Reporter's Duty

In his sole point of error, appellant contends the judgment should be reversed because the trial court violated the mandatory provisions of rule 13.1(a) of the Texas Rules of Appellate Procedure, thereby depriving appellant of a meaningful record on appeal. Even though appellant did not request a court reporter to record the voir dire examination or final arguments, and did not object to the court reporter's failure to record those portions of the trial, appellant argues the trial court committed fundamental, automatically reversible error by not requiring the court reporter to record the proceedings.

The new rule requires court reporters to make a full record of the proceedings unless excused by agreement of the parties. Tex.R.App. P. 13.1(a). Appellant acknowledges that the old rule required the court reporter to record proceedings only when requested by the trial court or the attorney for any party. Tex.R.App. P. 11(a)(1) and (2) (superseded effective September 1, 1997).[5] Appellant even acknowledges an existing government code provision requiring the court reporter to take notes only upon request. *See* Tex. Gov't Code Ann. § 52.046(a) (Vernon 1998). What appellant does not mention is that the old rule was also the embodiment of former article 40.09, section 4 of the Code of Criminal Procedure.[6] Former article 40.09, section 4 provided: "At the request of either party the court reporter shall take shorthand notes of all trial proceedings, including voir dire examination, objections to the court's charge, and final arguments." The

new rule is, thus, not only a change from the previous rule, but a change from the repealed statute from which the rule was derived, and the substantial body of case law applying it. *See e.g., Walthall v. State,* 594 S.W.2d 74, 81 (Tex.Crim.App.1980). Moreover, the new rule is at odds with an existing statute, section 52.046(a) of the Texas Government Code. Tex. Gov't Code Ann. § 52.046 (Vernon 1998).[7]

Under these circumstances, we suggest there is a genuine problem with the validity of the new rule. *See Lyon,* 872 S.W.2d at 735–36 (because legislative delegation of rule-making authority to court of criminal appeals expressly precluded substantive changes, the court was constrained to interpret rule so as not to modify previous statutory provision).[8]

Appellant makes clear that the new rule changes the substantive rights of the litigants by relying upon *Marin v. State,* which distinguishes between rights implemented only on request and rights which must be must be implemented unless expressly waived. 851 S.W.2d 275, 279 (Tex. Crim.App.1993). The old rule based on the former statute, and still existing in section 52.046(a) of the Texas Government Code, required that the right to a court reporter be implemented on request. Appellant argues that the new rule establishes a right to the court reporter unless waived by the parties. Thus, appellant argues, because he did not waive his right to a court reporter, he may not only raise the lack of a court reporter on appeal, but assert it as automatic reversible error. To accept appellant's position would change the right to have a court reporter from a right that must be requested to a right

5. Tex.R.App. P. 11, 49 Tex. B.J. 561 (Tex. Sup. Ct. and Tex.Crim.App.1986).

6. Act of May 19, 1967, 60th Leg., R.S., ch. 659, § 27, 1967 Tex. Gen. Laws 1732, 1742, *repealed by* Act of June 14, 1986, 69th Leg., R.S., ch. 685, § 4, 1986 Tex. Gen. Laws 2472, 2473.

7. This variance is aptly addressed at greater length in Justice Robertson's concurring opinion.

8. Counsel for appellant appears to have taken this very position in his article on the subject of court rule-making authority. *See generally* Don Rogers, *Texas Constitutional Aspects of Court Rulemaking,* The Houston Lawyer, Sept./ Oct.1997.

that must be expressly waived. We view this as an enlargement of a defendant's substantive rights, in violation of the mandate that rules not modify the substantive rights of the litigants. Accordingly, we hold that rule 13.1(a) is void.

The proper rule is that stated in section 52.046(a) of the Texas Government Code:

(a) *On request,* an official court reporter shall:

(1) attend all sessions of the court;

(2) take full shorthand notes of oral testimony offered before the court, including objections made to the admissibility of evidence, court rulings and remarks on the objections, and exceptions to the rulings;

(3) take full shorthand notes of closing arguments *if requested to do so by the attorney of a party to the case,* including objections to the arguments, court rulings and remarks on the objections, and exceptions to the rulings; ...

Tex. Gov't Code Ann. § 52.046(a) (Vernon 1998).

Therefore, we overrule appellant's sole point of error.

### Conclusion

We affirm the judgment of the trial court.

Chief Justice SCHNEIDER and Justices WILSON, HEDGES and NUCHIA join the en banc opinion.

Justice ROBERTSON, joined by Justice COHEN, concurring.

Justice PRICE, joined by Justices MIRABAL, O'CONNOR, and ANDELL, dissenting.

Justice O'CONNOR dissenting.

Justice ROBERTSON not participating in motion to disqualify.

SAM ROBERTSON, Justice (Retired), concurring on motion for rehearing.

I concur in the en banc opinion authored by Justice Taft. However, believing that the construction of rule 13 of the Texas Rules of Appellate Procedure is governed by basic and well-established law, I write this brief concurrence to state my views.

In 1939, the legislature gave the Supreme Court of Texas the authority to promulgate rules in civil matters, so long as they did "not abridge, enlarge or modify the substantive rights of any litigant." *See* former Tex.Rev.Civ. Stat. Ann. art. 1731a, § 2 (repealed and codified in Tex. Gov't Code Ann. § 22.004(a) (Vernon 1988)).[1] In *Few v. Charter Oak Fire Insurance Co.,* 463 S.W.2d 424 (Tex.1971), the supreme court, faced with a conflict between a rule, promulgated by the supreme court, and a statute, passed by the legislature, stated that "when a rule of the court conflicts with a legislative enactment, the rule must yield." *Id.* at 425.

In 1985, the legislature codified the Government Code and included therein as section 22.004 the provisions of article 1731a. Tex. Gov't Code Ann. § 22.004 (Vernon 1988). In 1987, the legislature enacted, as part of the Government Code, section 22.108. Tex. Gov't Code Ann. § 22.108 (Vernon 1988). In language almost identical to that of section 22.004, the legislature gave to the Court of Criminal Appeals rulemaking authority relative to "posttrial, appellate and review procedure" in criminal cases. It seems clear to me that the construction of section 22.108 must be consistent with the supreme court's construction of section 22.004.

The statutes governing court reporters were codified as a part of the Government Code. Section 52.046 provides, in part, that the court reporter, *upon request,* shall record all proceedings of the cause. Tex. Gov't Code Ann. § 52.046 (Vernon 1998). Rule 13 of the Texas Rules of Appellate Procedure, as promulgated by the su-

---

1. Act of May 15, 1939, 46th Leg., R.S., ch. 25, § 2, 1939 Tex. Gen. Laws 201.

preme court and the Court of Criminal Appeals, provides the court reporter *must* "make a full record of the proceedings unless excused by agreement of the parties." Thus, the question of whether the duty of the court reporter to record the proceedings depends upon a request presents a conflict between the statute and the rule. If the rule is construed so that it is inconsistent with the statute, the rule must fall.

Accordingly, I concur in the judgment of affirmance.

Justice COHEN joins this concurring opinion.

FRANK C. PRICE, Justice (Assigned), dissenting on motion for rehearing.

On September 1, 1997, rule 13.1 of the amended Texas Rules of Appellate Procedure took effect. It provides in relevant part as follows:

### 13.1 Duties of Court Reporters and Recorders

The official court reporter or court recorder must:

(a) attend court sessions and make a full record of the proceedings unless excused by agreement of the parties; . . . .

Tex.R.App. P. 13.1(a). The notes and comments following rule 13.1(a) state:

Paragraph 13.1(a) merges paragraphs (a)(1) and (2) of former Rule 11 and now requires the reporter to make a record of voir dire and closing arguments unless excused by agreement of the parties.

Tex.R.App. P. 13.1, notes & cmts.

Formerly, this issue was controlled by rule 11(a)(1) and (2) (repealed 1997), of the Texas Rules of Appellate Procedure.[1] Former rule 11 provided as follows:

### Rule 11. Duties of Court Reporters

(a) The duties of official court reporters shall be performed under supervision of the presiding judge of the court and shall include, but not be limited to:

(1) attending all sessions of court and making a full record of the evidence when requested by the judge or any party to a case, together with all objections to the admissibility of the evidence, the rulings and remarks of the court thereon;

(2) making a full record of jury arguments and voir dire examination when requested to do so by the attorney for any party to a case, together with all objections to such arguments, the rulings and remarks of the court thereon; . . . .

Former Tex.R.App. P. 11(a)(1), (2).

### Resolution of the Differences

In analyzing the language of former rule 11 and present rule 13.1(a), I find there is a procedural difference regarding who has the responsibility to insure the presence of the court reporter. Former rule 11 put this burden on the parties, either to request the presence of the reporter and/or object to the reporter's absence. Rule 13.1(a), on the other hand, places an independent duty on the trial judge to take the initiative to implement the procedure to require the presence of a reporter unless such reporter is excused by agreement of the parties.

The majority mischaracterizes the difference between the old and the new rule as one of substance. They maintain the change enlarges or modifies the substantive rights of a litigant, thus, violating the delegated authority to promulgate rules given to the Court of Criminal Appeals by the legislature. Contrary to the majority's assertions, the court, by enacting rule 13.1(a), did not create a substantive change from former rule 11. The substantive

---

1. Tex.R.App. P. 11, 49 Tex. B.J. 561 (Tex. Sup.     Ct. and Tex.Crim.App.1986).

matter of both rules is a litigant's right to a court reporter. Rule 13.1(a) merely altered the procedural requisites for providing a court reporter.

It is interesting to note that the majority cites the Court of Criminal Appeals's decision in *Lyon v. State,* 872 S.W.2d 732, 735–36 (Tex.Crim.App.1994), as an explanation of the court's authority to promulgate a comprehensive set of appellate rules in criminal cases and how the legislature expressly provided that these rules could not abridge, enlarge, or modify the substantive rights of a litigant. The majority then turns around and accuses the court of creating rule 13.1(a) in violation of its own decision. Surely the court was aware of *Lyon v. State* when it enacted rule 13.1(a) and, thus, considered the distinction between former rule 11 and current rule 13.1(a) to be only a procedural variance.

Are we to believe that the Court of Criminal Appeals is going to change the procedural requisites of rule 11 into the more streamlined provisions of rule 13.1(a) and require the same body of case law to control its misapplication on appeal? If that is true, then why change the rule? I cannot imagine the court announcing that it is going to change a rule that will have no effect on our system of jurisprudence.

The language of rule 13.1(a) is clear and unambiguous and should be given its literal meaning. A fair reading of the rule's plain language gives a right to a litigant that must be implemented by the system unless expressly waived. As such, rule 13.1(a) does not create a right that is subject to forfeiture through procedural default by failing to object or request or utilizing some other method to bring it to the trial court's attention. Therefore, the failure of the judge, under rule 13.1(a), to insure the presence of a court reporter to make a full and complete record of all trial proceedings is an error that can be urged on appeal whether or not it was first urged in the trial court. *Marin v. State,* 851 S.W.2d 275, 280 (Tex.Crim.App.1993).

### Conclusion

My disagreement with the majority today is the fact they refuse to follow the plain language of the new rule 13.1(a) governing the court reporter's duty to record proceedings. Thus, I respectfully dissent.

Justices MIRABAL, O'CONNOR, and ANDELL join this dissenting opinion.

MICHOL O'CONNOR, Justice, dissenting form en banc on motion for rehearing.

I join Justice Price in his dissent from section III, regarding the court reporter's duty to transcribe the proceedings. I write separately to dissent from section I of the opinion, regarding the composition of the en banc court.

I agree with the appellant in almost all his arguments regarding our en banc procedure and the appointment of the visiting justice in this case. I believe (1) we should have granted the parties oral argument on the en banc case, (2) we should have given the parties notice that we were going to consider the case en banc, (3) we should have given the parties notice of the name of the visiting justice who was appointed as a tie-breaker, (4) we should have issued a panel opinion before considering the case en banc, and (5) we should have excluded the justice appointed to break the tie once there was no longer a tie on the court.

I also agree with the appellant that the appointment of visiting judges violates the Texas Constitution article 5, section 6, which requires the election of judges.