TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00040-CR






James Michael Guzman a/k/a James M. Guzman, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TARRANT COUNTY, 372ND JUDICIAL DISTRICT


NO. 0761944D, HONORABLE D. SCOTT WISCH JUDGE PRESIDING






 Appellant James Michael Guzman appeals from his conviction of the offense of
murder. See Tex. Pen. Code Ann. § 19.02(b)(1) (West 1994). On appellant's guilty plea, made
without recommendation of punishment by the State, the trial court assessed appellant's punishment
at imprisonment for forty-five years. On appeal, appellant asserts that this Court does not have
jurisdiction of his appeal and that the record fails to show that his guilty plea was entered voluntarily. 
The judgment will be affirmed.


Jurisdiction


 Appellant was convicted in Tarrant County and appealed to the Second Court of
Appeals. The Supreme Court of Texas ordered the transfer of this case and ten other cases from the
Second Court of Appeals District to the Third Court of Appeals District. Appellant argues that, 
"Although there is a Texas Supreme Court order authorizing the transfer, appellant questions the
legal basis of this Court's jurisdiction to hear his case."

 The Texas Constitution and statutes provide for the transfer of appeals from one court
of appeals to another. See Tex. Const. art. V, § 6; Tex. Gov't Code Ann. §§ 73.001, .002 (West
1998) (1); Miles v. Ford Motor Co., 914 S.W.2d 135, 137 (Tex. 1995); Bond v. Carter, 72 S.W. 1059
(Tex. 1903).

 This Court of Appeals has jurisdiction of appellant's appeal. Appellant's first point
of error is overruled.


Voluntariness of Plea


 In his second point of error, appellant complains that "Because the plea hearing was
not on the record, the record is inadequate under the United States Constitution to show appellant
voluntarily entered his plea." Appellant cites and relies on Boykin v. Alabama, 395 U.S. 238 (1969),
and High v. State, 998 S.W.2d 642 (Tex. App.--Houston [1st Dist.] 1999, pet. ref'd) (Cohen, J.,
concurring). In Boykin, the conviction was reversed by the supreme court because "the record [did]
not disclose that the defendant voluntarily and understandingly entered his pleas of guilty." Boykin,
395 U.S. at 244. Appellant insists that "appellant's plea had to be on the record and was not subject
to any waiver." In Boykin, the record was silent; in this case although there is not a court reporter's
record of the plea proceedings, the record is not silent. The record here shows that appellant, joined
by his trial counsel, expressly waived in writing a court reporter's record of the guilty plea
proceedings. (2)


 If a defendant wants to ensure that a court reporter's record will be available in the
event of an appeal, he must exercise diligence by requesting the court reporter to make such a record. 
See Tex. Gov't Code Ann. § 52.046 (West 1998); Alvear v. State, 25 S.W.3d 241, 244 (Tex.
App.--San Antonio 2000, no pet.); Polasek v. State, 16 S.W.3d 82, 88-89 (Tex. App.--Houston [1st
Dist.] 2000, pet. ref'd); see also Piotrowski v. Minns, 873 S.W.2d 368, 369-71 (Tex. 1993). The
right to have proceedings transcribed by a court reporter must be requested and may be waived. See
Walthall v. State, 594 S.W.2d 74, 81 (Tex. Crim. App. 1980); Alvear, 25 S.W.3d at 244-45; Polasek,
16 S.W.3d at 88; Green v. State, 841 S.W.2d 926, 927 (Tex. App.--Corpus Christi 1992, no pet.);
Walton v. State, 670 S.W.2d 310, 311 (Tex. App.--Houston [1st Dist.] 1983, no pet.). The record
here fails to show appellant requested the court reporter's record; the record shows that appellant
affirmatively waived a court reporter's record of his plea. (3)

 The record here affirmatively reflects that appellant was aware of all of his
constitutional rights and entered his guilty plea voluntarily and understandingly. Appellant's second
point of error is overruled.

 The judgment is affirmed.



 

 Carl E. F. Dally, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Dally*

Affirmed

Filed: August 30, 2002

Do Not Publish

 
















* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. The state shall be divided into courts of appeals districts . . . . Said Courts of
Appeals shall have appellate jurisdiction co-extensive with the limits of their
respective districts . . . under such restrictions and regulations as may be
prescribed by law. . . . Said courts shall have such other jurisdiction, original and
appellate, as may be prescribed by law. 


Tex. Const. art. V, § 6. 


 The supreme court may order cases transferred from one court of appeals to
another at any time that, in the opinion of the supreme court, there is good cause
for the transfer. 


Tex. Gov't Code Ann. § 73.001 (West 1998).


 The court of appeals to which a case is transferred has jurisdiction of the case
without regard to the district in which the case originally was tried and to which
it is returnable on appeal. 


Id. § 73.002(a).


 The court to which a case is transferred shall deliver, enter, and render the
opinions, orders, and decisions in a transferred case at the place where the court
to which the case is transferred regularly sits as provided by law. 


Id. § 73.002(b).
2. WRITTEN WAIVER OF DEFENDANT - JOINED BY ATTORNEY



 The Defendant, joined by counsel, states in open court:



 I can read and write the English language, have read and fully understand
all the foregoing written plea admonishments and have no questions.

 I waive arraigment and formal reading of the indictment or felony
information.

 I am aware of the consequences of my plea, including the possible
punishment.

 I am mentally competent and my plea is made knowingly, freely, and
voluntarily. No one threatened, coerced, forced, persuaded, nor promised
me anything to make this plea.

 My lawyer and I are ready for trial . . . .



 . . . .



 I waive all pretrial motions that may have been filed in connection with my
case(s);

 I am totally satisfied with the representation given to me by my attorney. 
My attorney provided me fully effective and competent representation.

 Pursuant to Article 1.14 of the Texas Code of Criminal Procedure, I waive
all rights of form, substance, or procedure given me by law.

 I waive, in accordance with Articles 1.13 and 1.15 of the Texas Code of
Criminal Procedure, my right to a jury trial both on guilt and punishment;
to appearance, confrontation, and cross-examination of the witnesses; and
I agree to oral and/or written stipulations of evidence.




 I waive my right not to incriminate myself, agree to testify if called as a
witness and judicially confess under oath that each and every allegation
contained in the indictment or information which is not waived by the State
is true and I am guilty of the offense as charged.



 . . . .



 I waive the right to have the court reporter make a record of the proceedings
when my case(s) are heard and I enter my plea, and ask that none be made.

 I understand I have waived my right to appeal all issues arising prior to my
guilty plea except jurisdictional issues.



 Signed August 27, 2001 /s/ James Guzman 8-27-01 

 Defendant
3. The Rules of Appellate Procedure now provide that the official court reporter must attend 
court sessions and make a full record of the proceedings unless excused by agreement of the parties. 
Tex. R. App. P. 13.1(a). The statute provides that on request, the official court reporter attend all
sessions of the court and record the proceedings. See Tex. Gov't Code Ann. § 52.046 (West 1998);
Polasek v. State, 16 S.W.3d 82, 88-89 (Tex. App.--Houston 2000, pet. ref'd) (en banc op. on reh'g). 
Thus the question of whether the duty of the court reporter to record the proceedings depends upon
a request presents a conflict between the statute and the rule. Polasek, 16 S.W.3d at 90 (Robertson,
J., concurring). If the rule is construed so that it is inconsistent with the statute, the rule must fall. 
Id. Contra Tanguma v. State, 47 S.W.3d 663, 670 (Tex. App.--Corpus Christi 2001, pet. ref'd). 
In the instant case appellant affirmatively waived in writing the court reporter's record of his plea.