# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00040-CR

**James Michael Guzman a/k/a James M. Guzman, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TARRANT COUNTY, 372ND JUDICIAL DISTRICT
### NO. 0761944D, HONORABLE D. SCOTT WISCH JUDGE PRESIDING

Appellant James Michael Guzman appeals from his conviction of the offense of murder. *See* Tex. Pen. Code Ann. ' 19.02(b)(1) (West 1994). On appellant=s guilty plea, made without recommendation of punishment by the State, the trial court assessed appellant=s punishment at imprisonment for forty-five years. On appeal, appellant asserts that this Court does not have jurisdiction of his appeal and that the record fails to show that his guilty plea was entered voluntarily. The judgment will be affirmed.

### Jurisdiction

Appellant was convicted in Tarrant County and appealed to the Second Court of Appeals. The Supreme Court of Texas ordered the transfer of this case and ten other cases from the Second Court of Appeals District to the Third Court of Appeals District. Appellant argues that, AAlthough there is a Texas Supreme Court order authorizing the transfer, appellant questions the legal basis of this Court=s jurisdiction to hear his case.@

The Texas Constitution and statutes provide for the transfer of appeals from one court of

appeals to another. *See* Tex. Const. art. V, ' 6; Tex. Gov=t Code Ann. '' 73.001, .002 (West 1998)[1];

[1] The state shall be divided into courts of appeals districts . . . . Said Courts of Appeals shall have appellate jurisdiction co-extensive with the limits of their respective districts . . . under such restrictions and regulations as may be prescribed by law. . . . Said courts shall have such other jurisdiction, original and appellate, as may be prescribed by law.

Tex. Const. art. V, ' 6.

The supreme court may order cases transferred from one court of appeals to another at any time that, in the opinion of the supreme court, there is good cause for the transfer.

*Miles v. Ford Motor Co.*, 914 S.W.2d 135, 137 (Tex. 1995); *Bond v. Carter,* 72 S.W. 1059 (Tex. 1903).

This Court of Appeals has jurisdiction of appellant=s appeal. Appellant=s first point of error is overruled.

---

Tex. Gov=t Code Ann. ' 73.001 (West 1998).

> The court of appeals to which a case is transferred has jurisdiction of the case without regard to the district in which the case originally was tried and to which it is returnable on appeal.

*Id*. ' 73.002(a).

> The court to which a case is transferred shall deliver, enter, and render the opinions, orders, and decisions in a transferred case at the place where the court to which the case is transferred regularly sits as provided by law.

*Id*. ' 73.002(b).

## Voluntariness of Plea

In his second point of error, appellant complains that ABecause the plea hearing was not on the record, the record is inadequate under the United States Constitution to show appellant voluntarily entered his plea.@ Appellant cites and relies on *Boykin v. Alabama*, 395 U.S. 238 (1969), and *High v. State*, 998 S.W.2d 642 (Tex. App.CHouston [1st Dist.] 1999, pet. ref=d) (Cohen, J., concurring). In *Boykin*, the conviction was reversed by the supreme court because Athe record [did] not disclose that the defendant voluntarily and understandingly entered his pleas of guilty.@ *Boykin*, 395 U.S. at 244. Appellant insists that Aappellant=s plea had to be on the record and was not subject to any waiver.@ In *Boykin*, the record was silent; in this case although there is not a court reporter=s record of the plea proceedings, the record is not silent. The record here shows that appellant, joined by his trial counsel, expressly waived in writing a court reporter=s record of the guilty plea proceedings.[2]

---

[2] **WRITTEN WAIVER OF DEFENDANT - JOINED BY ATTORNEY**

The Defendant, joined by counsel, states in open court:

(1)    I can read and write the English language, have read and fully understand all the foregoing written plea admonishments and have no questions.

(2)    I waive arraigment and formal reading of the indictment or felony information.

(3)    I am aware of the consequences of my plea, including the possible punishment.

(4)    I am mentally competent and my plea is made knowingly, freely, and voluntarily. No one threatened, coerced, forced, persuaded, nor promised me anything to make this plea.

(5)   My lawyer and I are ready for trial . . . .

      . . . .

(8)   I waive all pretrial motions that may have been filed in connection with my case(s);

(9)   I am totally satisfied with the representation given to me by my attorney. My attorney provided me fully effective and competent representation.

(10)  Pursuant to Article 1.14 of the Texas Code of Criminal Procedure, I waive all rights of form, substance, or procedure given me by law.

(11)  I waive, in accordance with Articles 1.13 and 1.15 of the Texas Code of Criminal Procedure, my right to a jury trial both on guilt and punishment; to appearance, confrontation, and cross-examination of the witnesses; and I agree to oral and/or written stipulations of evidence.

(12)  I waive my right not to incriminate myself, agree to testify if called as a witness and judicially confess under oath that each and every allegation contained in the indictment or information which is not waived by the State is true and I am guilty of the offense as charged.

      . . . .

(14)  I waive the right to have the court reporter make a record of the proceedings when my case(s) are heard and I enter my plea, and ask that none be made.

(15)  I understand I have waived my right to appeal all issues arising prior to my guilty plea except jurisdictional issues.

Signed _____August 27, 2001_____        ___/s/ James Guzman____8-27-01____
                                                          Defendant

**5**

If a defendant wants to ensure that a court reporter=s record will be available in the event of an appeal, he must exercise diligence by requesting the court reporter to make such a record. *See* Tex. Gov=t Code Ann. ' 52.046 (West 1998); *Alvear v. State*, 25 S.W.3d 241, 244 (Tex. App.CSan Antonio 2000, no pet.); *Polasek v. State*, 16 S.W.3d 82, 88-89 (Tex. App.CHouston [1st Dist.] 2000, pet. ref=d); *see also Piotrowski v. Minns*, 873 S.W.2d 368, 369-71 (Tex. 1993). The right to have proceedings transcribed by a court reporter must be requested and may be waived. *See Walthall v. State*, 594 S.W.2d 74, 81 (Tex. Crim. App. 1980); *Alvear*, 25 S.W.3d at 244-45; *Polasek*, 16 S.W.3d at 88; *Green v. State*, 841 S.W.2d 926, 927 (Tex. App.CCorpus Christi 1992, no pet.); *Walton v. State*, 670 S.W.2d 310, 311 (Tex. App.CHouston [1st Dist.] 1983, no pet.). The record here fails to show appellant requested the court reporter=s record; the record shows that appellant affirmatively waived a court reporter=s record of his plea.[3]

---

[3] The Rules of Appellate Procedure now provide that the official court reporter must attend court sessions and make a full record of the proceedings unless excused by agreement of the parties. Tex. R. App. P. 13.1(a). The statute provides that *on request,* the official court reporter attend all sessions of the court and record the proceedings. *See* Tex. Gov=t Code Ann. ' 52.046 (West 1998);



---

*Polasek v. State*, 16 S.W.3d 82, 88-89 (Tex. App.CHouston 2000, pet. ref=d) (*en banc* op. on reh=g). Thus the question of whether the duty of the court reporter to record the proceedings depends upon a request presents a conflict between the statute and the rule. *Polasek*, 16 S.W.3d at 90 (Robertson, J., concurring). If the rule is construed so that it is inconsistent with the statute, the rule must fall. *Id. Contra Tanguma v. State*, 47 S.W.3d 663, 670 (Tex. App.CCorpus Christi 2001, pet. ref=d). In the instant case appellant affirmatively waived in writing the court reporter=s record of his plea.

**7**

The record here affirmatively reflects that appellant was aware of all of his constitutional rights and entered his guilty plea voluntarily and understandingly.  Appellant=s second point of error is overruled.

The judgment is affirmed.


Carl E. F. Dally, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Dally[*]

Affirmed

Filed:   August 30, 2002

Do Not Publish