Opinion issued December 7, 2006











In The

Court of Appeals

For The

First District of Texas






NO. 01-05-00855-CR






CRAIG ALEXANDER EDWARDS, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 230th District Court

Harris County, Texas

Trial Court Cause No. 1015880






MEMORANDUM OPINION

 Appellant Craig Alexander Edwards was convicted by a jury of murder in the
first degree. See Tex. Pen. Code Ann. § 19.02(a)-(c) (Vernon 2003). The jury
assessed punishment at life imprisonment. Appellant brings four points of error,
alleging (1) there is a fatal variance between the allegations in the indictment and the
proof at trial, (2) the evidence is legally insufficient to support his conviction because
the indictment alleged he committed the murder with his hands, (3) he is entitled to
a new trial because the court reporter did not record bench conferences, and (4) the
trial court erred in admitting evidence of extraneous crimes, wrongs, or acts by
appellant after the murder. We affirm.

 In point of error one, appellant claims there is a fatal variance between the
allegations in the indictment and the proof at trial. The indictment states that
appellant "while in the course of committing and attempting to commit the
ROBBERY of [the victim], intentionally cause[d] the death of [the victim] by
STRANGLING THE COMPLAINANT WITH A DEADLY WEAPON, NAMELY
HIS HANDS." Appellant contends that the proof at trial established that if he killed
the victim, he did it with a cord or a rope, not with his hands. In point of error two,
appellant claims there is legally-insufficient evidence that he committed the murder
with his hands.

 The standard for reviewing the legal sufficiency of the evidence is whether,
after reviewing the evidence in the light most favorable to the verdict, any rational
trier of fact could have found the essential elements of the crime beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2788-89 (1979).

There was testimony at trial from the medical examiner that the injuries on the
victim's neck were consistent with strangulation with the hands and testimony from
a witness that appellant admitted to choking the victim with his hands. While there
was testimony that appellant also used a cord, the jury was free to resolve any
conflicts in the evidence. Turro v. State, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993). 
We overrule points of error one and two.

 In point of error three, appellant alleges he is entitled to a new trial because the
court reporter did not record bench conferences as required by Texas Rule of
Appellate Procedure 13.1(a). This Court, sitting en banc, has rejected the argument
that Rule 13.1(a) allows a defendant to raise the lack of a court reporter on appeal
without an objection at trial. Polasek v. State, 16 S.W.3d 82, 88-89 (Tex.
App.--Houston [1st Dist.] 2000, pet ref'd) (en banc) (holding Rule 13.1(a) void in
light of Tex. Gov't Code Ann. § 52.046(a) (Vernon 2005)). Appellant did not
object at trial. See Tex. R. App. P. 33.1 (requiring preservation of error). We overrule
point of error three.

 In point of error four, appellant alleges the trial court erred in admitting
evidence of extraneous crimes, wrongs, or acts by appellant after the murder. See
Tex. R. Evid. 404(b) (evidence of other crimes, wrongs, or acts is not admissible to
prove character of person to show action in conformity therewith). Appellant
objected to this testimony at trial only on the grounds that it was hearsay and
nonresponsive. The trial court sustained appellant's objection as to
nonresponsiveness. Appellant has not preserved an allegation of error based on
Texas Rule of Evidence 404(b). See Tex. R. App. P. 33.1 (requiring preservation of
error). We overrule point of error four.

 We affirm the judgment.



 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Jennings, and Higley.

Justice Jennings concurring.

Do not publish. Tex. R. App. P. 47.2(b).