Opinion issued December 21, 2006 

 











In The

Court of Appeals

For The

First District of Texas






NO. 01-05-00518-CR






AUNDRI LEWIS, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 230th District Court

Harris County, Texas

Trial Court Cause No. 1024294






MEMORANDUM OPINION


 A jury found appellant, Aundri Lewis, guilty of aggravated assault. See Tex.
Pen. Code Ann. § 22.02 (Vernon 2006). Appellant pleaded true to two enhancements
for attempted murder and possession of a controlled substance. The jury assessed
appellant's punishment at 45 years in prison. We determine (1) whether appellant is
entitled to a new trial because the court reporter failed to record bench conferences and
(2) whether the trial court erred by refusing to include a jury instruction on the lesser-included offense of assault. We affirm.Background

 On December 17, 2004, Kelli Howard was taken to the Memorial Hermann
Katy Hospital ("the hospital") emergency room by a friend, Katherine Benson. 
Howard's injuries included extensive bruising on her legs and back, a broken left arm,
and a change in her spine consistent with trauma. Prior to being taken to the hospital,
Howard told Benson that appellant had beaten her with "a pole." Once Howard
arrived at the hospital, she told Jennifer Endresen, an emergency room nurse at the
hospital, and Paul Mercier, an emergency room nurse practitioner at the hospital, that
she had been assaulted by three unknown Hispanic men in a hotel parking lot. She
claimed that they had punched, kicked, and hit her with a stick. Endresen contacted
the Houston Police Department ("HPD") about the assault of Howard. When officers
from HPD arrived, Howard told the police that appellant was the one who had
assaulted her. (1)

 On December 19, 2004, after the assault, Howard's mother, Patsy Bee, went to
Howard's apartment. Howard told her mother that appellant had beaten her with a
closet rod. Bee took pictures of her daughter that day and contacted Detective Sandra
Mills, with the Harris County Sheriff's Department Family Violence Unit, on
December 28, 2004.

 On January 13, 2005, Howard provided Detective Mills with a statement. In
that statement Howard, explained that she was at her apartment with appellant on
December 17, 2004 when they "got into an argument over 20 dollars. . . . then it
escalated into a physical fight." Howard admitted that she had hit him in the mouth. 
At first, appellant hit Howard with his hands, and then "he grabbed a stick" and
"started hitting [Howard] with the wooden rod." Appellant hit Howard on her left arm
and legs. 

 Howard refused to pursue any criminal charges against appellant and testified
at trial that she did not remember how she had received her injuries, who had inflicted
them, or anything about December 17, 2004 because she was high on "fry," marijuana
laced with phencyclidine ("PCP"). (2)

 Reporter's Record of Bench Conferences


 In his first point of error, appellant argues that he is entitled to a new trial
because the court reporter failed to record the bench conferences as required under the
rules of appellate procedure. Appellant relies on Tanguma v. State (3) to argue that rule
13.1 of the Texas Rules of Appellate Procedure requires a court reporter to record and
to transcribe bench conferences "unless excused by an agreement of the parties."
Specifically, appellant contends that because he did not waive his right to a court
reporter, he may assert the court reporter's failure to record the bench conferences as
automatic reversible error.

 The former Texas Rules of Appellate Procedure, specifically former rule
11(a)(1) and (2), required a record only when requested by the trial court or a party. 
Tex. R. App. P. 11(a)(1), (2), 49 Tex. B. J. 561 (Tex. Sup. Ct. and Tex. Crim. App.
1986, amended 1997); see Valle v. State, 109 S.W.3d 500, 508 (Tex. Crim. App.
2003). The current rule, rule 13.1 of the Texas Rules of Appellate Procedure, provides
that the official court reporter must "unless excused by agreement of the parties, attend
court sessions and make a full record of the proceedings." Tex. R. App. P. 13.1(a). 
Therefore, the current rule makes automatic a procedure that used to be conditioned
on request. Valle, 109 S.W.3d at 508. However, section 52.046 of the Government
Code provides that a party must request a court reporter to make a record of
proceedings. Tex. Gov't. Code Ann. § 52.046 (Vernon 2005); see Polasek v. State,
16 S.W.3d 82, 88-89 (Tex. App.--Houston [1st Dist.] 2000, pet. ref'd) (en banc). 
Rule 13.1(a) conflicts with and must yield to section 52.046(a) of the Government
Code. Polasek, 16 S.W.3d at 89; see Tex. Gov't. Code Ann. § 52.046 (requiring
appellant who claims error based on failure to record court proceedings to preserve
error by establishing, at minimum, that record was requested). 

 The Tanguma court held as appellant contends, but the Court of Criminal
Appeals has expressly disapproved of Tanguma and has instead required the
complaining party to object to any failure of the court reporter to record a bench
conference. Valle, 109 S.W.3d at 508 (holding that objection is still required when 
court reporter does not record bench conference); Washington v. State, 127 S.W.3d
111, 114 (Tex. App.--Houston [1st Dist] 2003, no pet.) (holding that appellant did not
preserve alleged error arising from any failure of court reporter to transcribe voir dire
proceedings because appellant had not requested court reporter to transcribe voir dire
proceedings).

 Here, the record does not reflect that appellant objected to the court reporter's
absence or that appellant requested that the court reporter transcribe the bench
conferences. Accordingly, we hold that appellant did not preserve the alleged error
arising from any failure of the court reporter to transcribe the complained-of bench
conference. See Washington, 127 S.W.3d at 115; Polasek, 16 S.W.3d at 88-89; see
also Tex. Gov't. Code Ann. § 52.046; Tex. R. App. P. 33.1 (stating general rule that
error must be preserved by presenting complaint to trial court by timely request,
objection, or motion and by obtaining ruling).

 We overrule appellant's first point of error. 

Lesser-Included Offense


 In his second point of error, appellant argues that the trial court erred by
refusing to include a jury instruction on the lesser-included offense of assault. 
Specifically, appellant argues that "[a] rational jury could have believed [Howard] was
attacked and beaten by a group of individuals while high on 'wet,' and then had a fight
with [appellant], during which he merely assaulted her by hitting her."

 Assault is committed when a person intentionally or knowingly causes bodily
injury to another. Tex. Pen. Code Ann. § 22.01 (Vernon 2006). A defendant is
entitled to a lesser-included-offense instruction in the jury charge if (1) the requested
charge is for a lesser-included offense of the charged offense and (2) there is some
evidence that, if the defendant is guilty, he is guilty only of the lesser offense. 
Guzman v. State, 188 S.W.3d 185, 188 (Tex. Crim. App. 2006) (quoting Rousseau v.
State, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993)) ("the Rousseau test"). To
determine if an offense is a lesser-included offense, we look to Code of Criminal
Procedure article 37.09, which provides in relevant part:

 An offense is a lesser-included offense if:


 (1) it is established by proof of the same or less than all the
facts required to establish the commission of the offense
charged . . . .


Tex. Code Crim. Proc. Ann. § 37.09(1) (Vernon 2006) (emphasis added).

 Here, appellant asked for a lesser-included-offense instruction based on facts
not required to establish the commission of the offense charged. See Irving v. State,
161 S.W.3d 503, 505-06 (Tex. Crim. App. 2005) (holding that assault is not lesser-included offense of aggravated assault if "the conduct constituting the lesser-included
offense for which Appellant requested an instruction is different from the conduct
which was alleged in the charging instrument for Appellant's aggravated-assault
charge."). Appellant requested that the lesser-included offense of assault be included
because "it has been raised through the evidence of [Howard] giving several stories. 
It's possible that the jury could [believe] that a group of Hispanics in her first story
made some of the injuries and then [appellant] made some of the other injuries and
could possibly find him guilty of assault." The indictment alleged that appellant
committed aggravated assault against Howard by using a deadly weapon, namely, an
unknown object, a stick, or a wooden rod. Appellant asked for an instruction for the
offense of assault stemming from the conduct of hitting Howard with his fists, rather
than with an unknown object, a stick, or a wooden rod. See Irving, 161 S.W.3d at 506. 

 The requirements of Texas Code of Criminal Procedure article 37.09 are not met
here because the same facts or fewer than the same facts required to prove the greater
aggravated-assault offense are not required to prove the assault offense on which
appellant sought the charge. Id. Proof that appellant hit Howard with his fists is not
required to prove aggravated assault by hitting her with an unknown object, a stick,
or a wooden rod. Accordingly, we hold that the trial court did not err by refusing to
include a jury instruction on the offense of assault as a lesser-included offense.

 We overrule appellant's second point of error. 

 

 Conclusion


 We affirm the judgment of the trial court. 

 

 Tim Taft

 Justice


Panel consists of Justices Taft, Keyes, and Hanks.

Do not publish. See Tex. R. App. P. 47.2(b). 
1. Howard referred to appellant as both her boyfriend and husband. It is unclear
from the record which he was.
2. A toxicology report, conducted during Howard's visit to the hospital, showed
that Howard tested positive for benzodiazepine (a sedative), cannabinoid
(marijuana), and PCP. 
3. Tanguma v. State, 47 S.W.3d 663 (Tex. App.--Corpus Christi 2001, pet.
ref'd).