**Motion Granted; Order filed March 26, 2015.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-14-00799-CV

_____

## IN THE INTEREST OF P.A.C AND K.V.C., CHILDREN

---

**On Appeal from the 309th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2013-17788**

---

## ABATEMENT ORDER

This is an appeal from an order signed July 23, 2014, modifying the parent-child relationship. The official court reporter, Delores Johnson, filed the reporter's record from the trial on January 12, 2015. On March 12, 2015, appellant, Marisa Law Casey, filed a motion to abate the appeal to determine whether a record was made of two proceedings that are not included in the reporter's record filed in this appeal: (1) the entry hearing held July 23, 2014, at which objections to the trial court's orders were heard; and (2) a post-verdict proceeding conducted on June 4, 2014, at which objections to the proposed judgment were heard. According to

appellant, trial counsel has advised appellate counsel that a court reporter was present during both of these proceedings. Appellant stated in her motion that the official court reporter notified appellate counsel that no court reporter was present for the July 23, 2014 hearing. Appellant asks that we direct the trial court to determine whether these hearings were transcribed.

A party must request a court reporter to make a record of a hearing or other court proceeding. Tex. Gov't Code Ann. § 52.046(a) (West 2013) (requiring court reporter to attend court and make a record "[o]n request"); *see also Nabelek v. Dist. Attorney of Harris Cnty.*, 290 S.W.3d 222, 231 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). Texas Rule of Appellate Procedure 13.1 states that the court reporter is to attend and make a record of court proceedings unless excused. Tex. R. App. P. 13.1(a). The statute prevails over the conflicting rule of procedure. *See Polasek v. State*, 16 S.W.3d 82, 88 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd).

We grant appellant's motion in part and issue the following order:

The trial court is directed to conduct a hearing to determine the following: (1) whether appellant requested the court reporter to attend and make a record of the post-verdict proceeding on June 4, 2014 and the entry hearing on July 23, 2014; (2) if so, whether a record was made of these two proceedings; (3) if no record was made, whether appellant objected to the failure to make a record; and (4) if a record was made, determine a date certain when the reporter's record from the requested proceedings will be filed in this court. The trial court is directed to reduce its findings to writing and to have a supplemental clerk's record containing those findings filed with the clerk of this court, together with a reporter's record from the hearing **within 30 days** of the date of this order**.**

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the supplemental records are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. Appellant's brief shall be due thirty days after the appeal has been reinstated.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Boyce and McCally.