Roger Steven **MOORE**, Appellant,

v.

Tammy LuAnn **MOORE**, Appellee.

No. 04–94–00071–CV.

Court of Appeals of Texas,
San Antonio.

March 22, 1995.

Richard J. Karam, Bill Jolly, Karam, Naranjo, Kruger, Mery & Pina, Charles E. Hardy, James N. Higdon, Bass, Higdon & Hardy, Inc., San Antonio, for appellant.

Lawrence L. Garcia, Law Office of Lawrence L. Garcia, San Antonio, for appellee.

Before CHAPA, C.J., and PEEPLES[1] and HARDBERGER, JJ.

## OPINION

HARDBERGER, Justice.

■ This is an appeal from an order modifying a divorce decree and ordering appellant, Roger Moore, to resume paying child support. The main issue is whether a prior agreement between the parties to terminate appellant's parental rights in exchange for a lump sum payment is sufficient to create an estoppel barring future support payments even though appellant's parental rights were never actually terminated. We hold that a prior agreement, without an actual termination of parental rights, is insufficient to create a bar to future child support payments. We affirm the judgment.

Appellee, Tammy Luann Moore, gave birth to the minor, Christopher Lee Moore, in 1980. Appellant, Roger Moore married Tammy in 1981. Roger adopted the child in 1982. In 1984 the couple filed for divorce. Roger made periodic child support payments pursuant to the divorce decree and exercised his visitation rights.

In August of 1987, the parties reached an agreement whereby Roger would pay $6,000 as child support in a lump sum. Tammy agreed that his parental rights would then be terminated and he would not be required to pay any future child support. At that time Tammy was planning to marry another man who had agreed to adopt the child. In accordance with their agreement, Roger paid Tammy the $6,000 and signed an affidavit relinquishing his parental rights. An order was entered with the court on September 2, 1987 memorializing the above arrangement.

Tammy married the other man. However, the termination of Roger's parental rights and the adoption by Tammy's second husband were never completed. In 1993, Tammy filed a motion to modify the September 2, 1987 order. Roger responded claiming equitable estoppel and breach of contract. The court appointed an attorney ad litem to represent the child's best interest. The trial court found that the intent of the 1987 decree was to terminate the parent-child relationship between Roger and Christopher, but no decree of termination was ever signed or rendered. The court also found that the September 1987 order was not in the child's best interest. The trial court ordered Roger to resume making monthly child support payments. Roger appeals from that order.

## Estoppel Defense

In his first and second points of error, Roger argues that the trial court erred in granting the motion to modify and ordering him to resume paying child support because Tammy is estopped from making a claim for future child support payments. Roger claims that Tammy has reaped the benefit of the lump-sum payment and that he relied on the 1987 court order and believed that Christopher had been adopted. Therefore, Roger argues that he is relieved from the burden of making child support payments in the future.

■ "The fact that the defense of estoppel is rarely asserted with success in child support cases does not foreclose its availability as a legitimate, effective defense in *appropriate* circumstances." *LaRue v. LaRue*, 832 S.W.2d 387, 391 (Tex.App.—Tyler 1992, no writ) (emphasis added); *Kawazoe v. Davila*, 849 S.W.2d 906, 909 (Tex.App.—San Antonio 1993, no writ). However, all of the reported cases in which estoppel is successfully asserted as a bar to child support payments involve claims for past-due child support and not future child support.

■ In the present case, Tammy was not seeking child support for the period between 1987 and November 29, 1993—the date of the order in question. Instead, she sought to have Roger resume paying child support. Roger might be able to prove a case of

1. Justice David Peeples not participating.

estoppel if Tammy were trying to collect past child support. Roger now knows the true state of the facts regarding his parental rights. He cannot rely on an estoppel defense for future child support payments. He may initiate proceedings to terminate his parental rights or he may seek a modification of the order seeking visitation or reduced child support payments among other things. But he cannot rely on a past misrepresentation which has now come to light to avoid making child support payments in the future. We overrule appellant's first and second points of error.

## Modification of Child Support

Roger alleges in his third point of error that the trial court erred in granting the motion to modify because there was no evidence presented which showed that material and substantial change in circumstances had occurred since the time of the order sought to be modified.

■ The record does contain evidence of a material change in circumstances. However, we do not need to look at those changed circumstances because the then existing child support ordered (none) does not comply with Texas Family Code § 14.056(a). This fact alone is sufficient to justify a modification such as that ordered by the trial court. "If the amount of support of a child contained in the order sought to be modified is not in substantial compliance with the guidelines, this may warrant a modification of a prior order in accordance with the guidelines if the modification is in the best interest of the child." TEX.FAM.CODE § 14.056(a). The fact that Roger was not paying any child support pursuant to the prior order, much less court-ordered child support, at the time of the filing of Tammy's motion shows on its face that a modification to order Roger to resume paying child support was justified. Appellant's second point of error is overruled.

## De Facto Parental Termination

In his fourth point of error Roger argues that the trial court erred in granting the motion to modify and ordering him to resume paying child support because his parent-child relationship with Christopher had been de facto terminated. According to Roger, by not appointing him as a possessory conservator the trial court effected a termination of his parental rights.

■ Termination, as used in Chapter 15 of the Texas Family Code, is a word of art. In the present case, it is undisputed that the appellant's parental rights were never legally terminated. There was never a decree of termination. In order to terminate parental rights, Texas Family Code § 15.07 requires a decree of termination. Additionally, Texas Family Code § 15.02 requires a trial court find the parent has done at least one or more of its list of thirteen enumerated acts before terminating a parent's rights to his or her children. Termination is not synonymous with failure to appoint a parent possessory conservator.

■ Appellant argues that the trial court in this case held that the September 2, 1987 order terminated the parent-child relationship. He is mistaken. The trial court held that the September 2, 1987 order had the *effect* of terminating the parent-child relationship. The court also points out that the termination was never actually accomplished. Appellant fails to cite this court to any cases holding that Texas recognizes de facto parental termination. We overrule appellant's fourth point of error.

## Attorney Ad Litem Fees

■ In his fifth point of error, Roger alleges that the trial court erred in ordering him to pay one-half of the attorney ad litem fees upon filing of an appeal because a trial court may not penalize a party for taking an appeal. Roger argues that the trial court erred in ordering that half of the fees for the attorney ad litem be paid in advance. Appellant relies on the rule that a trial court may not penalize a party for taking an appeal by taxing him with attorney's fees should he take such action. *Haynes & Boone v. Bowser Bouldin, Ltd.*, 864 S.W.2d 662 (Tex. App.—San Antonio 1993, n.w.h.). However, that case is inapplicable as it does not involve an appointment of an attorney ad litem under the Texas Family Code. According to appel-

lant, the trial court must condition the award of ad litem attorney's fees on appellee's success in the appellate court. This argument is not persuasive.

Trial courts have the authority to appoint an attorney ad litem to represent the interests of a child in any suit in which termination of the parent-child relationship is sought. TEX.FAM.CODE § 11.10(b)(2). That same section unequivocally states that such attorney's fees may be taxed as costs and assessed to one or more parties before the court. *Id.* An attorney appointed to represent a child or parent is authorized by this same section to be entitled to a reasonable fee in an amount set by the court. TEX.FAM. CODE § 11.10(e). This fee is to be assessed against one or more of the parties, especially if they are the parents of the child, unless the parents are indigent. The award of attorney's fees to the attorney ad litem in responding to this appeal is within the trial court's discretion. *See Finn v. Finn,* 658 S.W.2d 735, 748 (Tex.App.—Dallas 1983, writ ref'd n.r.e.). Clearly, the trial court's order awarding attorney ad litem fees taxed one-half to each parent is within the court's discretion. Appellant's fifth point of error is overruled.

The judgment is affirmed.