**In the Interest of Wendi DIGGES, Carri Digges, and Tammi Digges, Children.**

No. 04–98–00252–CV.

Court of Appeals of Texas, San Antonio.

Oct. 7, 1998.

R.M. Janssen, San Antonio, for Appellant.

Lee Bukstein, Austin, for Appellee.

Before HARDBERGER, C.J., and RICKHOFF and STONE, JJ.

---

## OPINION

HARDBERGER, Chief Justice.

James Digges ("Digges") appeals an order directing his employer to withhold wages in payment of child support arrearages. In his sole point of error, Digges contends that the trial court erred in denying his motion to stay and in entering the wage withholding order because he was denied due process. Specifically, Digges complains chapter 158 of the Texas Family Code is unconstitutional because it does not contain a limitations period for obtaining a wage withholding order and limits the defenses that can be raised. We affirm the trial court's order.

### FACTUAL AND PROCEDURAL HISTORY

Digges and appellee, Kathy Hill ("Hill"), have three children. When Digges and Hill were divorced in 1990, Digges was ordered to pay Hill child support in the amount of $300 each month, commencing August 1, 1980, and continuing until the first child attained eighteen years or was otherwise emancipated. Thereafter, Digges was ordered to pay $200 in child support each month until the second child attained eighteen years or was otherwise emancipated, at which time the child support obligation reduced to $100 per month until the last child attained eighteen years or was otherwise emancipated. The child support amounts were later modified to $330, $220, $110, respectively. The first child attained eighteen years in April 1992, the second child in November 1994, and the third child in June 1997. The last child support payment made by Digges was in August of 1986.

In October of 1997, Hill filed an application for judicial writ of withholding. Digges filed a motion to stay issuance, contending the support was barred by limitations. Digges later filed a supplemental motion to stay, contending that the arrears had not been reduced to judgment, and a second supple-

mental motion to stay, asserting that the application was barred by laches and that chapter 158 of the Texas Family Code violated his constitutional rights. In December of 1997, the trial court denied the motion to stay after a hearing at which the parties stipulated to the amount of the child support arrearage. The trial court found that Digges owed $67,484.61 in arrearage and ordered withholding in the amount of $500 per month, effective December 11, 1997.

Digges appeals the trial court's order contending chapter 158 of the Texas Family Code is unconstitutional, depriving him of his due process rights.

### DISCUSSION

Subchapter D of Chapter 158 of the Texas Family Code contains a procedure whereby an obligee can obtain a judicial writ of withholding after an obligor is delinquent in making child support payments in an amount equal to or greater than the total support due for one month or where income withholding was not ordered at the time child support was ordered. TEX. FAM.CODE ANN. § 158.301(a) (Vernon Supp.1998). The court of continuing jurisdiction retains jurisdiction to render a wage withholding order until all current support and child support arrearages, including interest, have been paid.[1] TEX. FAM.CODE ANN. § 158.102 (Vernon Supp. 1998). An obligor may stay the issuance of a judicial writ of withholding by filing a motion to stay not later than the tenth day after the notice of application for judicial writ of withholding was received. TEX. FAM.CODE ANN. § 158.307(a) (Vernon Supp.1998). The grounds for filing a motion to stay issuance are statutorily limited to: (1) a dispute concerning the identity of the obligor; and (2) the existence or the amount of the arrearages. TEX. FAM.CODE ANN. § 158.307 (Vernon 1996).

Digges contends that the judicial writ of withholding procedure violates his due pro-

---

1. Section 158.102 was amended effective September 1, 1997. *See* Act of June 18, 1997, 75th Leg., R.S., ch. 911, § 40, 1997 Gen. Laws 2872–2873. Hill filed her application after the amendments took effect. The amendments eliminated the previous four year limitations period imposed on obtaining a writ of income withholding. *Id.*

The amendments allow the income withholding remedy for collecting current and past due support to continue indefinitely but do not affect the four year limitations period on obtaining an arrearage judgment. JOHN J. SAMPSON & HARRY L. TINDALL, TEXAS FAMILY CODE ANNOTATED 481 (1998).

cess right to fundamental fairness based on the absence of a limitations period and the limited number of defenses he is permitted to raise. Digges appears to be arguing that more restrictive parameters are constitutionally required to protect the parent who was delinquent in paying child support. However, neither the policy of the Texas Supreme Court nor the policy of the Legislature supports Digges's contention.

"[A] single parent who bears the entire financial burden of supporting a minor child is entitled to reimbursement from the other parent who has neglected his or her duty of support." *In re B.I.V.*, 923 S.W.2d 573, 575 (Tex.1996). "Although a child no doubt suffers from the lack of a parent's financial support, the Legislature has recognized that the supporting parent suffers a financial loss as well, for which he or she is entitled to be compensated." *Id.*

With regard to constitutional protections, this court has previously recognized that the constitutional protections necessary in an enforcement proceeding punishable by contempt are not necessary in a proceeding resulting in an order that reduces child support arrearages to a money judgment. *Jordan v. Middleton*, 762 S.W.2d 339, 341 (Tex.App.— San Antonio 1988, no writ); *see also Crawford v. Gardner*, 690 S.W.2d 296, 297 (Tex. App.—Dallas 1985, no writ). Similarly, such protections should not extend to proceedings resulting in wage withholding orders.

Although Digges complains that section 158.307 limits the defenses available in a proceeding seeking a judicial writ of withholding, section 158.007 does allow the trial court the discretion to consider whether such an order would impose an undue financial burden on the obligor. *See* TEX. FAM.CODE ANN. § 158.007 (Vernon 1996). With regard to the obligee's delay in seeking relief, although laches is not an available defense in such a proceeding, *see In re Moragas*, 972 S.W.2d 86, 92–93 (Tex.App.—Texarkana 1998, no pet. h.), an obligor may successfully assert the defense of equitable estoppel in appropriate circumstances. *See id.*, at 89–92; *Moore v. Moore*, 898 S.W.2d 355, 357–58 (Tex.App.—San Antonio 1995, no writ); *Ka-*

*wazoe v. Davila*, 849 S.W.2d 906, 909–911 (Tex.App.—San Antonio 1993, no writ).

Digges's point of error challenging the constitutionality of chapter 158 of the Texas Family Code is overruled. The trial court's order is affirmed.