Gaynette Marie WASHINGTON,
Appellant,

v.

The STATE of Texas, Appellee.

No. 01–02–00927–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 9, 2003.

Alvin Nunnery, Houston, for appellant.

Gaynette Marie Washington, Houston, pro se.

Carol M. Cameron, Assistant District Attorney, Charles A. Rosenthal, Jr., District Attorney–Harris County, William J. Delmore, III, Chief Prosecutor, Appellate Division, Houston, for appellee.

Panel consists of Chief Justice RADACK and Justices KEYES and ALCALA.

## OPINION

ELSA ALCALA, Justice.

Appellant, Gaynette Marie Washington, pleaded not guilty to the misdemeanor offense of false report to a peace officer. A jury found appellant guilty, and the trial court assessed punishment at 45 days' confinement in the Harris County Jail. In her first point of error, appellant contends that the court reporter's failure to record the voir dire proceedings was reversible error. In her second point of error, appellant contends that the State made an improper closing argument. In her final two points of error, appellant challenges the legal and factual sufficiency of the evidence to support her conviction. We affirm.

### Background

Appellant was charged in a two-paragraph indictment with the misdemeanor offense of false report to a peace officer. A person commits this offense if, with intent to deceive, he knowingly makes a false statement that is material to a criminal investigation and makes the statement to a peace officer conducting an investigation. TEX. PEN.CODE ANN. § 37.08(a)(1) (Vernon 2003).

On March 25, 2002, Houston Police Officer Warren Hayward responded to a disturbance call at the Oxford Place apartments on 605 Berry Road, where he and assisting officer, Officer Alberto Garcia, arrested a male and a female suspect. As Officer Hayward was leaving the scene with the suspects in his vehicle, a dispatch call was broadcast over Hayward's police radio to pick up Keara Greer, a juvenile suspect in an aggravated assault case. One of the suspects in Hayward's custody told Hayward that Greer lived in the same apartment complex and described Greer as a female seen leaving apartment 196, where both suspects had just been apprehended.

Later that morning, acting in response to the earlier dispatch call to pick up Keara Greer, Officers Hayward and Garcia returned to apartment 196 at 605 Berry

Road. When appellant answered the door, the officers explained that they were attempting to locate Greer as a suspect in an aggravated assault case and asked appellant whether Greer was at the apartment. Appellant initially denied that she knew Greer, but when told that Greer had been seen leaving appellant's apartment that day, appellant changed her story and admitted that she knew Greer, but claimed that she had not seen her that day and denied that Greer was at home. When the officers asked appellant for identification, she became hostile, yelled at the officers and cursed them. As the officers were noting appellant's identification information, they saw a young man leave one of the bedrooms in the apartment. The officers asked the man whether he knew Greer and, if so, where she was. When the man replied that he did know Greer and that she was in the bedroom, the officers entered the apartment and found Greer in the bedroom. They arrested Greer and also arrested appellant for making false statements to a police officer.

### Omission of Voir Dire Proceedings from Reporter's Record

In her first point of error, appellant contends that she is entitled to a new trial because the appellate record does not contain the voir dire proceedings. Appellant contends that the court reporter did not comply with official duties mandated by rule 13.1 of the Rules of Appellate Procedure. *See* TEX.R.APP. P. 13.1(a). As amended in 1997, the Rules of Appellate Procedure impose a duty on the official

court reporter to attend court sessions and make a full record of the proceedings "unless excused by agreement of the parties." *Id.; see Polasek v. State,* 16 S.W.3d 82, 88 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd) (en banc opinion on motion for rehearing). The record does not reflect that the parties agreed to waive a record of the voir dire proceedings, and we acknowledge that the record does not include the voir dire proceedings. Yet, the requirements of rule 13.1 notwithstanding, nothing in the record establishes or even suggests that the lack of the record of the voir dire proceedings stems from the court reporter's failure to record them.

Appellant relies on *Tanguma v. State,* 47 S.W.3d 663 (Tex.App.-Corpus Christi 2001, pet. ref'd), in which the Corpus Christi Court of Appeals held that the failure of the court reporter, without agreement of the parties, to record and transcribe all bench conferences that occurred after the trial had begun was error. *Id.* at 674.[1] The *Tanguma* court further concluded, however, that the error was neither structural, nor constitutional, nor was it error that affected the defendant's substantial rights. *Id.* at 675, 676, 680.[2]

*Tanguma* and this Court's opinion in *Polasek* both recognize that rule 13.1(a) requires the official court reporter to attend court sessions and make a full record of the proceedings unless excused by agreement of the parties. *Polasek,* 16 S.W.3d at 88; *Tanguma,* 47 S.W.3d at 670. The court reporter's duty under rule 13.1(a) changes practice under former rule 11(a)(1) and (2), which conditioned the

---

1. The *Tanguma* court also held that the court reporter's failure to record one bench conference was not error because that conference was held before the case was called to trial and was thus not a "proceeding" controlled by rule 13.1(a). *Tanguma,* 47 S.W.3d at 673.

2. Accordingly, *Tanguma* does not support appellant's contention that the error asserted here automatically constitutes reversible error that would entitle her to a new trial. We note further that nothing in rule 13.1 authorizes a new trial as a remedy for the court reporter's failure to perform the duties imposed by the rule or states any remedy.

court reporter's duty on a request by either (1) the trial judge or any party to a case, in the case of "the evidence," or (2) the attorney for any party, in the case of "the jury arguments and voir dire examination." *See Polasek*, 16 S.W.3d at 88; *Tanguma*, 47 S.W.3d at 670 (citing former Tex.R.App. P. 11(a)(1) and (2), 49 Tex. B.J. 561 (Tex. Sup.Ct. and Tex.Crim.App. 1986)).

We note at the outset that, in *Tanguma*, in contrast to this case, the record established why the court reporter had not reported the bench conferences. In every instance of an unrecorded bench conference challenged in the appeal, the court reporter had indicated that the proceedings "were not requested to be reported." *Id.* at 672, 673. Here, the record offers no explanation for the omission of voir dire from the reporter's record. An additional distinction is that the Corpus Christi court narrowly limited its holding to "proceedings that occur after the trial or hearing has begun with a court reporter *properly in attendance and recording* the proceedings." *Id.* at 674 n. 4 (emphasis added). The record here does not establish these parameters.

More importantly, in *Tanguma*, the Thirteenth Court of Appeals rejected this Court's *Polasek* decision, which appellant implicitly asks us to disregard by relying on *Tanguma. See id.* at 671. In *Polasek*, this Court affirmed a judgment of conviction after overruling the single point of error of a defendant who also sought a

new trial by arguing that the court reporter's failure to record the voir dire proceedings constituted fundamental, automatically reversible error. *Id.* at 88–89. We concluded that rule 13.1(a) conflicts with and must yield to section 52.046(a) of the Government Code, which, like former rule 11(a), conditioned the court's reporter's duties on a request.[3] *Polasek*, 16 S.W.3d at 89 (citing Tex. Gov't Code Ann. § 52.046(a) (Vernon 1998)).

Finally, in *Valle v. State*, the Court of Criminal Appeals disapproved of *Tanguma* and reaffirmed prior precedent that required the complaining party to object to any failure of the court reporter to record a bench conference. 109 S.W.3d 500, 508 (Tex.Crim.App.2003) (citing *Moore v. State*, 999 S.W.2d 385, 398 (Tex.Crim.App. 1999); *Walthall v. State*, 594 S.W.2d 74, 81 (Tex.Crim.App.1980)); *see also State v. Herndon*, 115 S.W.3d 231, 234 (Tex.App.-Corpus Christi 2003, no pet. h.) (recognizing disapproval of *Tanguma* and holding that failure to object to failure to record bench conference waived any error).

We concluded that section 52.046(a) is the "proper rule" and that rule 13.1(a) is void because it impermissibly enlarges the substantive rights granted by section 52.046(a) by "chang[ing] the right to have a court reporter from a right that must be requested to a right that must be expressly waived." *Polasek*, 16 S.W.3d at 88–89; *see Lyon*, 872 S.W.2d at 735–36 (holding that because legislature's grant of rule-making authority to court of criminal ap-

---

**3.** Section 52.046(a) states in part as follows:

   (a) *On request,* an official court reporter shall:
      (1) attend all sessions of the court;
      (2) take full shorthand notes of oral testimony offered before the court, including objections made to the admissibility of evidence, court rulings and remarks on the objections, and exceptions to the rulings;

   (3) take full shorthand notes of closing arguments if requested to do so by the attorney of a party to the case, including objections to the arguments, court rulings and remarks on the objections, and exceptions to the rulings;
      . . . .

Tex. Gov't Code Ann. § 52.046(a)(1)-(3) (Vernon 1998) (emphasis added).

peals expressly precluded substantive changes, court was constrained to interpret rule as not modifying prior statutory provision from which rule derived); *see also* Tex. Gov't Code Ann. § 22.108(a) (Vernon Supp.2003) ("The court of criminal appeals is granted rulemaking power to promulgate rules of posttrial, appellate, and review procedure in criminal cases except that its rules may not abridge, enlarge, or modify the substantive rights of a litigant."); *Polasek*, 16 S.W.3d at 89–90 (Robertson, J., concurring) (premising conclusion that rule 13.1(a) must yield to section 52.046(a) on settled practice that resolves conflict between rule and statute in favor of statute). Because section 52.046(a) controlled over rule 13.1(a) and because the record in *Polasek* established that a court reporter had not been requested, we overruled the sole point of error and affirmed the judgment of the trial court. *Id.* at 88–89.

Section 52.046(a), as construed in *Polasek*, demands that an appellant who claims error based on a failure to record court proceedings must preserve error by establishing, at a minimum, that a record was requested. *See id.* at 88–89; *see also Langford v. State*, No. 05-02-00864-CR, 129 S.W.3d 138, 139, 2003 WL 21350067 (Tex.App.-Dallas June 6, 2003, no pet. h.) (following *Polasek* and concluding same). As noted above, the record does not support appellant's contention that the lack of record of the voir-dire proceedings resulted from the court reporter's disregard of official duties. First, section 52.046(a) of the Government Code does not even include the voir-dire proceedings among those the official court reporter must report. *See* Tex. Gov't Code Ann. § 52.046(a). Second, the record does not

show that appellant requested that the court reporter transcribe the voir dire proceedings. *See id.* Third, appellant did not bring the alleged omission to the trial court's attention in time for the trial court to remedy the alleged omission. *See* Tex. R.App. P. 33.1 (stating general rule that error must be preserved by presenting the complaint to the trial court by a timely request, objection, or motion, and by obtaining a ruling); *see also Valle*, 109 S.W.3d at 508 (rejecting, in context of alleged failure to record bench conferences, contention that new rule 33.1 obviates requirement that objection required to preserve error); *see also Moore*, 999 S.W.2d at 397 ("One must object *at some time* to the failure to record"); to be timely, the objection must come when "the trial court may remedy the situation." (emphasis in original).

■ For these reasons, and in accordance with *Valle* and *Polasek*, we conclude that appellant did not preserve any alleged error arising from any failure of the court reporter. We overrule appellant's first point of error.

### Closing Argument

■ In her second point of error, appellant accuses the State of improper closing argument at the punishment phase of trial by stating that appellant could have "closed that door and the officers would have had to leave."[4] To complain of improper jury argument, a defendant must generally object to the argument and pursue her objection to an adverse ruling. *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim.App.1996). If the trial court sustains the objection, the defendant must request an instruction to disregard and move for a

---

4. Although appellant contends that the allegedly improper argument occurred at the punishment phase, the record reflects that the argument was made at the close of the guilt/innocence phase of trial.

mistrial. *Cook v. State*, 858 S.W.2d 467, 473 (Tex.Crim.App.1993).

■ Appellant objected to the prosecutor's argument as "outside the record." The trial court responded by instructing the prosecutor to "Stay within the record." A judge's instruction to stay within the record, in response to an objection that argument goes beyond the record, does not constitute a ruling on the objection. *Washington v. State*, 16 S.W.3d 70, 73 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd). Because appellant did not obtain an adverse ruling on her objection, she did not preserve her point of error for appeal. *See* TEX.R.APP. P. 33.1.

We overrule appellant's second point of error.

### Legal Sufficiency

In her third point of error, appellant contends that the evidence is legally insufficient to support her conviction. A legal-sufficiency challenge requires us to determine whether, after viewing the evidence in the light most favorable to the verdict, a rational jury could have found each element of the offense beyond a reasonable doubt. *King v. State*, 29 S.W.3d 556, 562 (Tex.Crim.App.2000). The fact-finder, however, may reasonably infer facts from the evidence, credit the witnesses if it cares to, disbelieve any or all of the testimony proffered, and weigh the evidence in the manner it chooses. *Bruno v. State*, 922 S.W.2d 292, 293 (Tex.App.-Amarillo 1996, no pet.)

■ Viewed in the light most favorable to the verdict, the evidence shows that Officers Hayward and Garcia went to appellant's home in an attempt to locate and arrest a juvenile, Keara Greer, who was a suspect in an aggravated assault case. The officers questioned appellant at her home concerning her knowledge of Keara Greer. Appellant first denied that she knew Greer, but when the officers told appellant that Greer had been seen leaving appellant's apartment that day, appellant stated that she knew Greer, but had not seen her that day, and she further stated that Greer was not inside the home. But, when a young man present in the home indicated that Greer was in one of the bedrooms of the home, the officers entered the home and then the bedroom, where they arrested Greer.

The jury was entitled to infer, from appellant's initial denial that she knew Greer and her later denial that Greer was present in the home, that appellant made a false statement that was material to the officers' investigating the aggravated assault case against Greer. The jury was further entitled to infer that appellant made the false statements with intent to deceive the officers. We hold that the evidence was legally sufficient to enable a jury, as the judge of the credibility of the witnesses and testimony, to find beyond a reasonable doubt that appellant intentionally made false statements of material relevance to a peace officer who was conducting an investigation.

We overrule appellant's third point of error.

### Factual Sufficiency

In her fourth point of error, appellant contends that the evidence is factually insufficient to support her conviction. When reviewing the factual sufficiency of evidence, we examine all the evidence neutrally and ask whether proof of guilt is so obviously weak as to undermine confidence in the jury's determination or so greatly outweighed by contrary proof as to indicate that a manifest injustice has occurred. *Zuliani v. State*, 97 S.W.3d 589, 594 (Tex. Crim.App.2003); *King*, 29 S.W.3d at 563; *Valencia v. State*, 51 S.W.3d 418, 423 (Tex.

App.-Houston [1st Dist.] 2001, pet. ref'd). In conducting our analysis, we must avoid substituting our judgment for that of the trier-of-fact, even when we disagree with its determination, if there is probative evidence supporting the verdict. *King*, 29 S.W.3d at 563. The trier-of-fact is the sole judge of the weight and credibility of the witnesses' testimony. *Johnson v. State*, 23 S.W.3d 1, 7 (Tex.Crim.App.2000).

Appellant first contends that the evidence is factually insufficient to support her conviction because her statements to police were not material to an investigation. Appellant argues that the investigation had concluded because the officers indicated that they came to appellant's apartment to arrest Greer. Appellant also claims that the evidence is factually insufficient to uphold her conviction because she did not make her statements with intent to deceive.

Appellant relies on testimony by Officers Hayward and Garcia in which they conceded that they went to appellant's apartment to arrest Greer, rather than to investigate. Yet, the record reflects that another officer, Officer Maurice Williams, testified that the investigation of Greer was still active when appellant made her statements to police, that Greer's whereabouts were material to the investigation, and that an investigation is terminated only after a suspect has been "processed," i.e., fingerprinted, photographed, and charged. Officer Garcia confirmed that an investigation encompasses making an arrest. Likewise, he and Officer Hayward testified that an investigation includes locating a suspect and that appellant's statements about Greer's location were material to the investigation of the aggravated assault by Greer.

In challenging the factual sufficiency of the evidence to support intent to deceive, appellant disputes that the evidence shows that she knew Greer was inside her home. Appellant claimed she saw Greer leave, went downstairs to visit a friend, and did not see Greer return to the home. Greer claimed that she lived in the apartment, that she had left the apartment to visit friends, and that appellant was not at home when she returned to the apartment and went to sleep. Appellant argues that Greer's testimony, in conjunction with appellant's testimony, shows that she was unaware Greer was in the home. Appellant also relies on Lakaesha Moore's testimony that she saw Greer leave appellant's apartment 20 minutes before appellant arrived at Moore's apartment to visit "for a long time." Appellant claims that Moore's testimony also supports appellant's claimed ignorance that Greer had returned.

Juries, however, may infer intent from the defendant's conduct and surrounding circumstances. *LaPoint v. State*, 750 S.W.2d 180, 182 (Tex.Crim.App.1986); *McGee v. State*, 923 S.W.2d 605, 608 (Tex. App.-Houston [1st Dist.] 1995, no pet.).

Viewing the evidence neutrally, we conclude that the jury believed the officers' testimony, both that an investigation was still ongoing at the time of appellant's statements and that appellant's statements were material to that investigation. Likewise, the jury did not believe that appellant was unaware of Greer's presence in the apartment and instead inferred from appellant's conduct that she intentionally made false statements to police about Greer's whereabouts. Because the jury is the sole judge of the weight and credibility of the witnesses' testimony, and because probative evidence supports the verdict, we decline to substitute our judgment for the jury's. *See King*, 29 S.W.3d at 563. The proof of appellant's guilt in this case is not so obviously weak as to undermine confidence in the jury's determination or

so greatly outweighed by contrary proof as to indicate that a manifest injustice occurred. *See Zuliani,* 97 S.W.3d at 594. Accordingly, we hold that the evidence was factually sufficient to support the verdict.

We overrule appellant's fourth point of error.

### Conclusion

We affirm the judgment of the trial court.