Opinion issued February 10, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00764-CV

———————————

Allen Cobb, Appellant

V.

Cathie GORDY, Appellee



 



 

On Appeal from the 308th District Court 

Harris County, Texas



Trial Court Case No. 917,087

 



 

MEMORANDUM OPINION

          Appellant,
Allen Cobb, appeals a trial court order that determines his child-support
arrearages as a matter of law, orders that appellee, Cathie Gordy, “is entitled
to the issuance of child-support liens, levies, and writs of withholding as
remedies for the collection of unpaid child support,” and orders a judicial
writ of withholdings from Cobb’s earnings that is binding on “his present employer
and all subsequent employers.” 
Specifically, Cobb contends that (1) the trial court lacked
jurisdiction, (2) there is legally and factually insufficient evidence to
support the trial court’s judgment, and (3) he was denied due process.  We affirm.

BACKGROUND

          In 1972, Cobb and Gordy were
divorced in the 308th District Court of Harris County. The divorce decree
ordered Cobb to pay $50 per month to support their minor child. On April 28,
2009, Gordy filed a “Notice of Application for Judicial Writ of Withholding” in
the 308th District Court. In the notice, Gordy alleged $78,164.02 in unpaid
child support. The notice was mailed to Cobb by regular first class mail and by
certified mail, return receipt requested, and he received it on May 6, 2009.

          On July
7, 2009, Cobb filed a “Motion to Stay Issuance and Delivery of Judicial Writ of
Withholding and Request for Hearing and to Terminate Wage Withholding.”  On July 21, 2009, Gordy responded to Cobb’s
motion to stay, arguing that it was both untimely and unverified.  On July 29, 2009, the trial court held a
hearing, after which it signed the order complained of in this appeal.  Although the order states that “a record of
the argument and evidence was made” at the hearing, Cobb did not request
findings of fact and conclusions of law or a reporter’s record from the
hearing.

JURISDICTION

          In his first issue on
appeal, Cobb contends that the trial court lacked jurisdiction because (1) the
pleadings are deficient to invoke the trial court’s jurisdiction to establish
the amount of arrears, and (2) the judgment being enforced is dormant.  We address each argument respectively.

Defective
Pleadings

          Cobb argues that Gordy’s
pleadings are deficient because, under section 157.002 of the Family Code, a
motion to enforce child support must include (1) the provision of the child
support order allegedly violated, (2) the manner of the alleged noncompliance,
(3) the relief requested by the movant, and (4) the signature of the movant or
the movant’s attorney.  See Tex. Fam. Code Ann. § 157.002(a) (Vernon 2008).  The motion to enforce should also include the
amount of child support owed, the amount paid, and the amount of arrearages.  See Tex. Fam. Code Ann. § 157.002(b) (Vernon 2008). 

            Gordy argues that section 157.002 of
the Family Code is not applicable because she did not file a motion to enforce;
she filed a request for a judicial writ of withholding under Chapter 158 of the
Family Code. We agree.

            Chapter 158 of the Family Code
contains a procedure whereby an obligee can obtain a judicial writ of
withholding from the court of continuing jurisdiction after an obligor is delinquent
in making child support payments in an amount equal to or greater than the
total support due for one month, or when income withholding was not ordered at
the time child support was ordered.  In re Digges, 981 S.W.2d 445, 446 (Tex.
App.—San Antonio 1998, no pet.); Tex.
Fam. Code Ann. § 158.301(a) (Vernon 2008).  The contents required by a notice of
application for judicial writ of withholding are set forth in section 158.301
of the Family Code, which provides

The notice of application for judicial writ of
withholding shall be verified and:

 

(1) state the amount of monthly support due,
including medical support, the amount of arrearages or anticipated arrearages,
including accrued interest, and the amount of wages that will be withheld in
accordance with a judicial writ of withholding;

 

(2) state that the withholding applies to each
current or subsequent employer or period of employment;

 

(3) state that if the obligor does not contest the
withholding within 10 days after the date of receipt of the notice, the
obligor’s employer will be notified to begin the withholding;

 

(4) describe the procedures for contesting the
issuance and delivery of a writ of withholding;

 

(5) state that if the obligor contests the
withholding, the obligor will be afforded an opportunity for a hearing by the
court not later than the 30th day after the date of receipt of the notice or
contest;

 

(6) state that the sole ground for successfully
contesting the issuance of a writ of withholding is a dispute concerning the
identity of the obligor or the existence or amount of the arrearages, including
accrued interest;

 

(7) describe the actions that may be taken if the
obligor contests the notice of application for judicial writ of withholding,
including the procedure for suspending issuance of a writ of withholding; and 

 

(8) include with the notice a suggested form for the
motion to stay issuance and delivery of the judicial writ of withholding that
the obligor may file with the clerk of the appropriate court.

 

Tex. Fam. Code Ann. § 158.302 (Vernon 2008).  Gordy’s
Notice of Application for Judicial Writ of Withholding complies with these
requirements.

Dormancy

            Cobb also argues that the trial
court lacked jurisdiction because the underlying judgments, i.e., child support
payments, were dormant.  Specifically,
Cobb argues that a child support obligation becomes a final judgment when not
paid, see Tex. Fam. Code Ann. § 157.261(a), thus, the last child
support payment obligation became a final judgment when the minor child turned
18 in 1988.  Thus, Cobb argues, the final
judgment was dormant under section 34.001 of the Civil Practices and Remedies
Code and will not support Gordy’s request for a writ of judicial
withholding.  See Tex. Civ. Prac. &
Rem. Code Ann. § 34.001(a) (Vernon Supp. 2010) (stating if writ of
execution not issued within 10 years after rendition of a judgment, judgment is
dormant).  Until recently, this was a
disputed issue in the courts of appeals.

            In In re Keykendall, 957 S.W.2d 907, 910 (Tex. App.—Texarkana 1997, no
pet.) the Texarkana Court of Appeals held that “although labeled as ‘final
judgments’ in the Family Code, the individual monthly arrearages are not final
judgments to which the dormancy statute should be applied.”  Several other courts of appeals have
agreed.  See In re E.C.M., 225 S.W.3d 11, 13 (Tex. App.—El Paso 2005, no
pet.); In re T.L.K., 90 S.W.3d 833,
838—39 (Tex. App.—San Antonio 2002, no pet.); In re S.C.S., 48 S.W.3d 831, 835—36 (Tex. App.—Houston [14th Dist.]
2001, pet. denied).

            However, in Burnett-Dunham v. Spurgin, 245 S.W.3d 14, 17—18 (Tex. App.—Dallas
2007, pet. denied), the Dallas court disagreed, holding that the 10-year
dormancy statute applied to individual child support payments even if not
reduced to a solitary judgment because “[t]here is simply no exception [to
section 34.001 of the Civil Practices and Remedies Code] for family law
cases[.]”

            We need not decide the dormancy
issue because the Legislature has already resolved the dispute.  In 2009, section 34.01 of the Civil Practices
and Remedies Code—the dormancy provision—was amended to provide that “[t]his
section does not apply to a judgment for child support under the Family
Code.”  Tex.
Civ. Prac. & Rem. Code Ann. § 34.001(c) (Vernon Supp. 2010).  The effective date of this amendment was June
19, 2009, before the trial court’s order was signed. A historical note to the
amendment provides that it “applies to each judgment for child support under
the Family Code, regardless of the date on which that judgment was
rendered.”  Act of May 28, 2009, 81st
Leg., R.S., ch. 767, § 50.  Thus, we
reject Cobb’s argument that the notice of application for judicial withholding
was based on a dormant judgment.

            Accordingly, we overrule issue one.

SUFFICIENCY OF THE EVIDENCE

          In issue two, Cobb contends
the evidence is legally and factually insufficient to support the trial court’s
judgment.  Specifically, appellant argues
that he is entitled to credits for payments he made toward his child-support
obligation.  Gordy’s response is
two-fold:  First, she argues that because
Cobb did not properly file a motion to stay issuance of the writ of
withholding, the trial court properly determined the arrearages as a matter of
law based on her pleadings.  Second, she
argues that because Cobb did not request findings of fact or a reporter’s
record, he cannot show that the evidence is insufficient.  We agree with both of Gordy’s arguments.

Failure to
Properly File Motion to Stay

          Gordy argues that Cobb’s
motion to stay issuance of writ of withholding was insufficient because it was
(1) untimely, and (2) unverified.  We
agree. Section 158.307 provides as follows:

(a) The obligor may stay
issuance of a judicial writ of withholding by filing a motion to stay with the
clerk of the court not later than the 10th day after the notice of application
for judicial writ of withholding was received.

 

(b) The grounds for filing a
motion to stay issuance are limited to a dispute concerning the identity of the
obligor or the existence or the amount of the arrearages.

 

(c) The obligor shall verify
that statements of fact in the motion to stay issuance of the writ are true and
correct.

 

Tex. Fam. Code Ann. § 158.307 (Vernon 2008).  Here,
Cobb’s motion was not verified. 
According to the trial court’s order, Cobb received notice of the
application for judicial writ of withholding on May 6, 2009—a finding he does
not challenge on appeal.  However, Cobb
did not file a motion to stay issuance of the judicial writ of withholding
until July 7, 2009—almost two months later. 
As such, Cobb’s motion to stay was untimely.  In her response, Gordy objected to Cobb’s
motion to stay on both grounds.

            Gordy contends that, because Cobb
failed to properly file a motion to stay, he cannot now complain about the
amount of arrearages determined by the trial court.  In Attorney
General v. Mitchell, 819 S.W.2d 556, 559-60 (Tex. App.—Dallas 1991, no
writ), the court held that because the obligor did not properly file his motion
to stay issuance of the writ of withholding, the trial court had no
jurisdiction to consider his complaints regarding the issuance of the
writ.  See also Effner v. Moore, No. 04-01-00294-CV, 2002 WL 269116, at *1
(Tex. App.—San Antonio, 2002, no pet.) (holding same).

            In Glass v. Williamson, 127 S.W.3d 114, 117 (Tex. App.—Houston [14th
Dist.] 2004, no pet.), the Fourteen Court of Appeals, recognized that, post-Dubai Petroleum Co. v. Kazi, 12 S.W.3d
71, 76 (Tex. 2000), the failure to properly file a motion to stay does not
deprive the trial court of jurisdiction, but “raised the issue of whether [the
husband/obligor] was entitled to the relief he sought.”  Because the wife in Glass did not object to the husband/obligor’s failure to properly
file a motion to stay, the husband was entitled to contest the amount of
arrearages in the trial court.  Id.

            Here, Gordy did object to Cobb’s defective motion to
stay.  Thus, the trial court did not
abuse its discretion in concluding that Cobb had not properly invoked his right
to challenge the arrearages sought by Gordy and in deciding those arrearages as
a matter of law based on the information in her notice.

No findings of fact or conclusions of law or
reporter’s record

            Cobb also argues that he was not permitted to put on
evidence at the hearing regarding whether the amount of arrearages alleged in
Gordy’s motion was correct.  However, the
judgment indicates that “[a] record of the arguments and evidence was made,”
thereby indicating that the hearing was an evidentiary hearing.  In a bench trial, when no findings of fact and conclusions of law are filed, the trial courts judgment implies all necessary findings of fact to support it. Ryan v. Abdel-Salam, 39 S.W.3d 332, 335 (Tex. App.—Houston
[1st Dist.] 2001, pet. denied); Lopez v. Hansen, 947 S.W.2d 587, 589
(Tex. App.—Houston [1st Dist] 1997, no writ). When the implied facts are
supported by evidence, it is our duty to uphold judgment on any theory of law
applicable to the case. Lopez, 947 S.W.2d at 589.

Similarly, if no reporter’s
record is filed due to the fault of the appellant, we may
consider and decide only those issues that do not require a reporter’s record
for a decision. See Tex. R. App.
P. 37.3(c). We cannot review the sufficiency of the evidence in the
absence of a reporter’s record from the trial. See In re J.C., 250
S.W.3d 486, 489 (Tex. App.—Fort Worth 2008, pet. denied).

          Because there are no findings of fact
and conclusions of law and no reporter’s record, we must presume there was
sufficient evidence to support the trial court’s ruling regarding the amount of
arrearages.

          We overrule issue two. 

DUE PROCESS

          In
issue three, Cobb argues that Chapter 158 of the Family Code violates his right
to due process of law.  Specifically,
Cobb argues that Chapter 158 does not provide for a new citation, personal
service, notice, time for response, or evidence.  In In
re Digges, 981 S.W.2d at 446, the appellant argued that Chapter 158 was
unconstitutional because it did not contain a limitations period for obtaining
a wage withholding order and because it limits the defenses that can be raised
to the requested withholding.  The court
disagreed, holding that the protections necessary for an enforcement procedure
punishable by contempt did not extent to proceedings for wage withholding
orders.  Id.  

          Chapter
158 does provide for notice to the obligor and a hearing to contest
arrearages.  Cobb has failed to
demonstrate how the procedures set up by Chapter 158 are inadequate to protect
his constitutional right to due process. 
Accordingly, we overrule issue four.

CONCLUSION

          We
affirm the trial court’s judgment.

 

 

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

Panel
consists of Chief Justice Radack and Justices Alcala and Bland.