Affirmed and Majority and Concurring Opinions filed September 8, 2005









Affirmed and Majority and Concurring Opinions filed September 8, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00965-CV

____________

 

IVO NABELEK, Appellant

 

V.

 

DISTRICT ATTORNEY
OF HARRIS COUNTY, TEXAS, Appellee

 



 

On Appeal from the 125th
District Court

Harris County, Texas

Trial Court Cause No. 01-38188

 



 

M A J O R I T Y   O P I N I O N

Appellant, Ivo Nabelek, appeals the
dismissal of his suit against appellee, the District Attorney of Harris County,
Texas.  In his suit, Nabelek, an inmate
at a state correctional facility proceeding pro se and in forma pauperis,
sought declaratory and injunctive relief to determine the validity and
constitutionality of section 552.028 of the Texas Open Records Act.  Tex.
Gov=t Code Ann. ' 552.028 (Vernon 2004).  The trial court dismissed Nabelek=s suit as
frivolous pursuant to Texas Civil Practice and Remedies Code section
14.003(a)(2).  Tex. Civ. Prac. & Rem. Code Ann. ' 14.003(a)(2)
(Vernon 2002).  Nabelek raises five
issues on appeal.  We affirm.








FACTS AND
PROCEDURAL BACKGROUND

On June 14, 1995, Nabelek sent a letter to
the District Attorney of Harris County (the ADAHC@) requesting
copies Aof the entire
records and all exhibits including the complete transcripts and everything
pertaining to the trial of Texas State [sic] vs. Ivo Nabelek, Case No. 657516
and case No. 657528@[1] pursuant to the
Texas Open Records Act.[2]  On June 28, 1995, the DAHC responded to
Nabelek=s letter, denying
Nabelek=s request, citing
section 552.027 of the Texas Government Code. 
See Act effective June 5, 1995, 74th Leg., R.S., ch. 302, ' 1, 1995 Tex. Gen.
Laws 2670, 2670 (amended 2003) (current version at Tex. Gov=t Code Ann. ' 552.028 (Vernon 2004)).  The version of section 552.027 in effect at
that time granted governmental bodies such as the DAHC the discretion whether
to comply with a request for information from an incarcerated individual.  Section 552.027 provided as follows:

Sec.
552.027.        REQUEST FOR INFORMATION
FROM INCARCERATED INDIVIDUAL

(a)     A governmental body is not required to
accept or comply with a request for information from an individual who is
imprisoned or confined in a correctional facility.  

(b)     Subsection (a) does not prohibit a
governmental body from disclosing to an individual described by that subsection
information held by the governmental body pertaining to that individual.

(c)     In
this section, Acorrectional facility@ has the meaning
assigned by Section 1.07(a), Penal Code.

Id.  








In 1996 and 2000, Nabelek sent correspondence
to the DAHC specifically inquiring about the whereabouts of certain personal
property seized from him by the Houston Police Department when he was arrested
in 1993.  Nabelek=s 1996 and 2000
correspondence did not reference the Texas Open Records Act.  The DAHC responded to Nabelek=s correspondence,
informing Nabelek that it did not have any items in its possession that did not
relate to the prosecution of his cases and it had no knowledge of the
whereabouts of his personal property. 
Unlike its response to the 1995 request for information, the DAHC did
not deny Nabelek=s 1996 and 2000 inquiries about the
whereabouts of his personal property pursuant to section 552.027 or 552.028.[3]

In July 2001, Nabelek filed this suit
against the DAHC seeking declaratory and injunctive relief to determine the
constitutionality of section 552.028 as applied to the DAHC=s denial of his
access to information.  In his petition,
Nabelek alleged the DAHC wrongfully denied him access to information in its
possession under the Texas Open Records Act. 
Nabelek argued he was acting as his own attorney when he requested the
information from the DAHC and his status as a pro se litigant entitled him to
the information he sought.[4]









          The DAHC filed a motion for summary
judgment and a motion to dismiss Nabelek=s suit as frivolous
under Chapter 14 of the Texas Civil Practice and Remedies Code based on the
following two grounds:  (1) Nabelek
failed to file an affidavit or unsworn declaration as required by Texas Civil
Practice and Remedies Code section 14.004, requiring dismissal of his claims;
and (2) Nabelek=s claims against the DAHC are frivolous
because there is no arguable basis in law to support his claims.  Nabelek filed a response to the DAHC=s motions and a
cross-motion for summary judgment. 

An Aorder setting
hearings,@ dated August 29, 2002, notified the
parties the pending motions, including the DAHC=s motions and
eight of Nabelek=s motions, were set for a hearing on
September 13, 2002, and, pursuant to its order, the trial court held a
telephonic hearing on September 13, 2002. 
On October 18, 2002, the trial court dismissed Nabelek=s claims as
frivolous as follows:

ORDER DISMISSING CASE

On September 13, 2002 the Court
heard [the DAHC]=s Motion to Dismiss Frivolous
Action and Motion for Summary Judgment. 
At the hearing the Court heard and considered the pleadings and
arguments of [Nabelek] (who participated in the hearing without counsel) and
counsel for [the DAHC].  The Court=s file indicates that through the
date of this Order [Nabelek] has never been represented by an attorney of
record in this case.  [Nabelek] stated at
the commencement of the hearing that he did not have counsel representing him
in the case or in connection with the hearing, and that he was ready to proceed
with the hearing without counsel.  The
Court orders as follows in connection with the Motions.

It is Ordered that
the claims of [Nabelek] in this case are dismissed under Sec[t]ion 14.003(a)(2)
of the Texas Civil Practice and Remedies Code as frivolous claims.        








On appeal, Nabelek raises five issues,
arguing the trial court erred in:  (1)
not having a stenographic or other recording made of the September 13, 2002
telephonic hearing; (2) not ruling on Nabelek=s pending motions;
(3) dismissing Nabelek=s claims as frivolous under Texas Civil
Practice and Remedies Code section 14.003(a)(2) for non-compliance with Texas
Civil Practice and Remedies Code section 14.004; (4) not specifying whether the
dismissal of Nabelek=s claims was with or without prejudice;
and (5) dismissing Nabelek=s claims as
frivolous under Texas Civil Practice and Remedies Code section 14.003(a)(2) for
lack of arguable basis in law.  

DISCUSSION 

I.        The
Trial Court=s Dismissal of Nabelek=s Suit Under
Section 14.003(a)(2)

In issues three and five, Nabelek argues
the trial court erred in dismissing his claims as frivolous under section
14.003(a)(2) of the Texas Civil Practice and Remedies Code.

A.      Section
14.003(a)(2)

The dismissal of lawsuits brought by
inmates who file affidavits of inability to pay is governed by chapter 14 of
the Texas Civil Practice and Remedies Code, entitled AInmate Litigation.@  See Tex.
Civ. Prac. & Rem. Code Ann. '' 14.001B14.014 (Vernon
2002).  Section 14.003(a)(2) specifically
allows a trial court to dismiss an inmate=s claim as
frivolous, before or after service of process, if it finds A(1) the claim=s realistic chance
of ultimate success is slight; (2) the claim has no arguable basis in law or in
fact; (3) it is clear that the party cannot prove facts in support of the claim;
or (4) the claim is substantially similar to a previous claim filed by the
inmate because the claim arises from the same operative facts.@  Id. at ' 14.003(a)(2),
(b).  The trial court may hold a hearing
when dismissing a case under section 14.003(a), and a hearing may be held
before or after service of process.  Id.
at ' 14.003(c); see
also id. at ' 14.008 (discussing manners by which trial
court may hold a hearing under Chapter 14). 








A trial court has broad discretion to
dismiss an inmate=s suit as frivolous.  See Retzlaff v. Texas Dept. of Criminal
Justice, 94 S.W.3d 650, 654 (Tex. App.CHouston [14th
Dist.] 2002, pet. denied).  Trial courts
are given broad discretion under section 14.003 because:  A(1) prisoners have
a strong incentive to litigate;  (2) the
government bears the cost of an in forma pauperis suit; (3) sanctions
are not effective; and (4) the dismissal of unmeritorious claims accrues to the
benefit of state officials, courts, and meritorious claimants.@  Id. at 653. 

Our review of whether a claim is legally
cognizable is de novo.  Id.  For a claim to have no arguable basis in law,
it must be based on Aan indisputably meritless legal theory,@ or be based on
wholly incredible or irrational factual allegations.  Gill v. Boyd Distrib. Ctr., 64 S.W.3d
601, 603 (Tex. App.CTexarkana 2001, pet. denied) (quoting Neitzke
v. Williams, 490 U.S. 319, 327 (1989), and citing Denton v. Hernandez,
504 U.S. 25, 33 (1992)).  An inmate=s cause of action
may not be dismissed merely because the court considers the allegations Aunlikely.@  Id. at 603-04 (quoting Denton,
504 U.S. at 33).

B.      Dismissal
of Nabelek=s Claims Under Section 14.003(a)(2)

In its motion to dismiss and motion for
summary judgment, the DAHC asserted two grounds for dismissal of Nabelek=s claims.  First, the DAHC argued Nabelek failed to
comply with section 14.004 by not filing a declaration or affidavit identifying
previous litigation.  Second, the DAHC
argued Nabelek=s suit was frivolous and had no arguable
basis in law for three reasons:  (1)
limitations barred Nabelek=s claims; (2)
Nabelek=s interpretation
of section 522.028(a)=s attorney exception had no arguable basis
in law; and (3) no arguable constitutional claim was stated.  After holding a telephonic hearing, the trial
court dismissed Nabelek=s claims under section 14.003(a)(2) as
frivolous.[5]

Nabelek argues that as a pro se litigant,
he is his own attorney of record.  As
such, Nabelek contends that when he requested information from the DAHC, the
DAHC was required to comply with his requests for information under Texas
Government Code section 552.028(a)(2), which currently provides as follows:

A governmental body is not required
to accept or comply with a request for information from:








(1)     an individual who is imprisoned or confined
in a correctional facility; or 

(2)     an agent of that individual, other than
that individual=s 
attorney when the attorney is requesting information that is subject to
disclosure under this chapter.@

See Tex.
Gov=t Code Ann. ' 552.028(a) (Vernon 2004) (emphasis
added).  Subsection (a)(2) did not go
into effect until 1999.  

The DAHC sought dismissal of Nabelek=s suit based on
the statute of limitations, arguing Nabelek=s suit was barred
by the four-year residual statute of limitations.  Tex.
Civ. Prac. & Rem. Code Ann. ' 16.051 (Vernon
1997) (AEvery action for
which there is no express limitations period . . . must be brought not later
than four years after the day the cause of action accrues.@).  We agree with the DAHC that because there is
no specific deadline for filing a suit challenging the denial of rights under
the Texas Open Records Act under chapter 552 of the government code, the
four-year residual statute of limitations applies.  

The DAHC=s denial of
Nabelek=s request for
information under section 552.027 of the Texas Open Records Act occurred six
years prior to Nabelek filing suit against the DAHC.  Nabelek filed suit against the DAHC on July
27, 2001.  The only request Nabelek made
to the DAHC for information pursuant the Texas Open Records Act was on June 14,
1995, and the DAHC denied this request for information pursuant to its
discretion to do so under section 552.027 on June 28, 1995.[6]  Nabelek=s suit was
commenced well beyond the four-year statute of limitations period and is
time-barred. 








Nabelek argues he filed suit within the
relevant limitations period based on his March 2000 correspondence to the DAHC
seeking information relating to his criminal cases.  We disagree. 
Copies of Nabelek=s March 2000 correspondence and the DAHC=s response were
attached to the DAHC=s motion to dismiss.  In his March 2000 correspondence, Nabelek did
not seek information from the DAHC pursuant to the Texas Open Records Act, and
the DAHC did not deny Nabelek=s request for
information pursuant to section 552.028. 
In its response to Nabelek=s 2000 request,
the DAHC informed appellant that Athis office has
nothing in its litigation files that did not relate to [his] prosecution@ and that the DAHC
would not respond to any further requests for information from Nabelek A[p]ursuant to the
discretion accorded it for requests for information from incarcerated
individuals.@ 
Thus, because Nabelek=s March 2000 request
does not invoke the Open Records Act, that request does not save his claims
from being barred by the statute of limitations.  








Moreover, in addition to being barred by
limitations, Nabelek=s claims against the DAHC also lack an
arguable basis in law because the 1999 amendment to section 552.028, the
subject of Nabelek=s constitutional attacks, was not in
effect when he requested information from the DAHC in 1995 and 1996 and, with
regard to his 2000 request, Nabelek did not seek information from the DAHC in
that request pursuant to the Texas Open Records Act or state that he was acting
as a pro se attorney on his own behalf when requesting information from the DAHC.  Furthermore, it is undisputed that Nabelek is
not a licensed attorney in the state of Texas and may not avail himself of the
attorney exception within section 552.028(a)(2).  Tex.
Gov=t Code Ann. ' 552.028(a)(2) (providing that A[a] governmental
body is not required to accept or comply with a request for information
from:  (1) an individual who is
imprisoned or confined in a correctional facility;  or (2) an agent of that individual, other
than that individual=s attorney when
the attorney is requesting information that is subject to disclosure under this
chapter@) (emphasis added). Thus, as pled, Nabelek=s constitutional
attacks on section 552.028(a)(2) do not have an arguable basis in law and
present, at most, only a theoretical dispute.[7]


We conclude the trial court did not abuse
its discretion in dismissing Nabelek=s suit as
frivolous, and we overrule issue five.[8]

In issue three, Nabelek contends the trial
court erred in dismissing his suit as frivolous for non-compliance with section
14.004 of the Texas Civil Practice and Remedies Code, which requires indigent
inmates to file an affidavit relating to previous filings.  Tex.
Civ. Prac. & Rem. Code Ann. ' 14.004 (Vernon
2002).  Having concluded the trial court
properly dismissed Nabelek=s claims under
section 14.003(a)(2) as frivolous claims, we need not address this alternative
ground for dismissal, and we overrule issue three.

II.       Notice
and Record of the September 13, 2002 Hearing








In issue one, Nabelek contends the trial
court erred in failing to have the September 13, 2002 telephonic hearing
stenographically or otherwise recorded. 
Nabelek appeared at the September hearing via telephone.  Nabelek asserts he orally requested that a
record of the hearing be made at the beginning of the hearing and that the
trial court erred in denying his oral request. 
Nabelek contends harm is shown because his Aclaims, evidence
and arguments presented at the September 13, 2002 hearing substantially altered
those presented in the written pleadings.@  Nabelek also complains of not having received
notice of the September 13 hearing.

The record shows that on August 29, 2002,
the trial court signed an order setting the DAHC=s motions and
eight of Nabelek=s pending motions for a telephonic hearing
on September 13, 2002 at 9:00 a.m. 
Nabelek appeared at the hearing via telephone.  There is no written record of the hearing.  

Nabelek argues the court reporter was
required to make a record of the September 13 hearing pursuant to Texas Rules
of Appellate Procedure 13.1 and 13.2.[9]  Tex.
R. App. P. 13.1, 13.2.  Rule 13.1
provides in pertinent part, AThe official court
reporter or court recorder must:  (a)
unless excused by agreement of the parties, attend court sessions and make a
full record of the proceedings . . . .@  Tex.
R. App. P. 13.1(a).  Rule 13.2
lists a court reporter=s duties, such as ensuring the recording
equipment is functioning and making a detailed log of all proceedings being
recorded.  Tex. R. App. P. 13.2. 
Nabelek essentially argues these rules impose upon court reporters an
absolute duty to record all proceedings. 














We first determine whether Nabelek has
preserved these issues for appellate review. 
Texas Rule of Appellate Procedure 33.1 provides that, in general, as a
prerequisite to presenting a complaint for appellate review, the record must
show a timely, specific objection and a ruling by the trial court. Tex. R. App. P. 33.1(a).  Likewise, Texas Government Code section
52.046,[10]
which sets forth the general powers and duties of court reporters, provides
that a party must request a court reporter to make a record of
proceedings.  Tex. Gov=t Code Ann. ' 52.046(a)(2) (requiring court reporter to
attend court and make a record A[o]n request@); see Polasek
v. State, 16 S.W.3d 82, 88B89 (Tex. App.CHouston [1st
Dist.] 2000, pet. ref=d) (holding rule 13.1(a) void and proper
rule stated by Texas Government Code section 52.046(a)).  Here, contrary to Nabelek=s assertions, the
record does not show he requested that the court reporter record the September
13, 2002 hearing.[11]  Similarly, with regard to Nabelek=s complaint
regarding lack of notice of the hearing, the record shows appellant attended
the hearing via telephone and did not object to the lack of proper notice of
the hearing.  By failing to request that
the court reporter record the hearing or object to the reporter=s failure to
record and by failing to object to a lack of notice of the hearing, Nabelek has
failed to preserve these issues for review. 
See Tex. R. App. P. 33.1(a).

          Furthermore, even if Nabelek properly
had preserved these issues for review, they are without merit.  It is well-settled a trial court is not
required to conduct an oral hearing before dismissing a suit under section
14.003 or ruling on a motion for summary judgment. See  Tex.
Civ. Prac. & Rem. Code Ann. ' 14.003(c) (Vernon
2002) (providing a trial court may hold a hearing to decide whether to
dismiss a suit under section 14.003); Tex.
R. Civ. P. 166a(c) (providing A[n]o oral
testimony shall be received@ at a hearing on a
motion for summary judgment); Houston v. Clear Creek Basin Authority,
589 S.W.2d 671, 677 (Tex. 1979) (noting that having a court reporter record
summary judgment hearings is Aa practice neither
necessary nor appropriate to the purposes of such a hearing.@); Thomas v.
Bilby, 40 S.W.3d 166, 168 (Tex. App.CTexarkana 2001, no
pet.) (noting trial court is not required to hold a hearing before dismissing a
suit under section 14.003(a)).  In
addition, based on our review of the record, there were no evidentiary
proceedings for the court reporter to record, and, thus, the absence of a
record did not cause Nabelek any resulting harm.  Moreover, Nabelek does not explain how the
absence of a record of the hearing or lack of notice of the hearing caused the
rendition of an improper judgment or prevented him from properly presenting his
case to this court.  See Tex. R. App. P. 44.1(a) (ANo judgment may be
reversed on appeal on the ground that the trial court made an error of law
unless the court of appeals concludes that the error complained of: (1)
probably caused the rendition of an improper judgment; or (2) probably
prevented the appellant from properly presenting the case to the court of
appeals.@).  Thus, any error in the trial court=s failure to have
the court reporter record the telephonic hearing was harmless.  

Accordingly, we overrule issue one.

 

 








III.      Ruling
on Nabelek=s Pending Motions

In issue two, Nabelek asserts the trial
court erred in not ruling on his pending motions before dismissing his case
under section 14.003.  Nabelek=s pending motions
were set for a hearing on September 13, 2002, along with the DAHC=s motions.  The trial court later dismissed Nabelek=s claims as
frivolous but did not specifically rule on the other pending motions. 

The DAHC argues the trial court=s dismissal of
Nabelek=s claims as
frivolous rendered Nabelek=s pending motions
moot.  We agree.  Under section 14.003(a), a court may dismiss
a claim either before or after service of process if it finds a claim is
frivolous.  Tex. Civ. Prac. & Rem. Code Ann. ' 14.003(a)(Vernon
2002).  In our discussion of issue five,
we conclude the trial court did not abuse its discretion in dismissing Nabelek=s suit as
frivolous.  Thus, the trial court had no
obligation to rule on Nabelek=s pending motions.  Additionally, the record does not show
Nabelek requested the trial court to specifically rule on his pending motions
or that the trial court refused to rule on the motions, thus waiving this
issue, and Nabelek=s motions were effectively denied when the
trial court dismissed Nabelek=s suit. 

          Accordingly, we overrule issue two.

IV.      Dismissal
of Nabelek=s Claims AWith@ or AWithout@ Prejudice

Nabelek=s final issue on
appeal concerns the trial court not specifying in the order of dismissal
whether Nabelek=s claims were dismissed with or without
prejudice.  Nabelek argues such a
determination is important because of res judicata concerns if the dismissal is
Awith prejudice.@








A dismissal with prejudice constitutes an
adjudication on the merits and operates as if the case had been fully tried and
decided.  See Ritchey v. Vasquez,
986 S.W.2d 611, 612 (Tex.1999).  Orders
dismissing cases with prejudice have full res judicata and collateral estoppel
effect, barring subsequent relitigation of the same causes of action or issues
between the same parties.  See Barr v.
Resolution Trust Corp., 837 S.W.2d 627, 630B31 (Tex.
1992).  A dismissal with prejudice is
improper if the plaintiff=s failure can be remedied.  See Hickman v. Adams, 35 S.W.3d 120,
124 (Tex. App.CHouston [14th Dist.] 2000, no pet.).  If the error resulting in the dismissal of an
inmate=s suit cannot be
remedied, a dismissal with prejudice is proper. 
See id.  

We have concluded Nabelek=s claims have no
arguable basis in law and are frivolous. 
Because Nabelek cannot remedy the errors resulting in the dismissal of
his suit, dismissal with prejudice under these circumstances is
appropriate.  Accordingly, we reform the
judgment to reflect the cause is dismissed Awith prejudice@ and overrule
issue four.

Conclusion

We reform the judgment to reflect the
cause is dismissed Awith prejudice.@  As reformed, the judgment is affirmed.

 

/s/      John S. Anderson

Justice

 

Judgment rendered and Majority and
Concurring Opinions filed September 8, 2005.

Panel consists of Justices
Anderson, Hudson, and Frost.  (Frost, J.,
files a concurring opinion.)











[1]  In 1993 and
1994, Nabelek pled guilty to the offenses of aggravated sexual assault of a
child and possession of child pornography (trial court cause numbers 657516 and
657518).  He currently is serving his
sentence for these offenses.





[2]  The specific
provisions of the Texas Open Records Act are currently found in sections
552.001 through 552.353 of Texas Government Code.  See Tex.
Gov=t Code Ann. '' 552.001B552.353
(Vernon 2004).  





[3]  In 1997, Texas
Government Code section 552.027 was renumbered as section 552.028.  Act effective September 1, 1997, 75th Leg.,
R.S., ch. 165, ' 31.01(44), 1997 Tex. Gen. Laws 327, 710 (amended
2003).  In 1999, subsection (a) of
section 552.028 was amended as follows: 

(a)        A governmental body is not required to accept or comply with
a request for information from:

(1)        an individual who is imprisoned or confined in a correctional
facility;  or

(2)        an agent of that individual, other than that individual=s attorney when the attorney is requesting information
that is subject to disclosure under this chapter.

Act effective May 21, 1999, 76th Leg., R.S., ch. 154, '1, 1999 Tex. Gen. Laws 
623, 623 (amended 2003) (emphasis added).  





[4]  In his
petition, Nabelek summarized his complaint as follows:

[Nabelek]
complains [section 552.028], as applied to his cause and its circumstances, by
[DAHC], when relying on said article to deny [Nabelek] access to public
information under Open Records Act (ORA), is unconstitutionally depriving [Nabelek]
of his rights under the: First, Fifth, Sixth and Fourteenth Amendments of the
U.S. Constitution; the Due Process, Equal Protection and Equal Opportunities
Clauses of the Texas and/or U.S. Constitution(s); and of other state or federal
rights as may be relied [sic] by regulations or statutes or constitutional
clauses other than the above-cited.





[5]  No record was
made of the hearing.  Nabelek complains
on appeal of the lack of a stenographic record of the hearing.  We address this issue in part II of this
opinion.





[6]  As stated
previously, Nabelek=s subsequent requests for information directed to the
DAHC in 1996 and 2000 (dated October 6, 1996, October 31, 1996, November 19,
1996, and March 20, 2000) were not made pursuant to the Texas Open
Records Act.  Nabelek=s 1996 and 2000 correspondence to the DAHC inquired
whether the district attorney=s office had certain personal property in its
possession belonging to Nabelek that was seized during his 1993 arrest.  The DAHC responded to Nabelek=s 1996 and 2000 correspondence by informing him it did
not have any of the alleged items in its possession that did not relate to the
prosecution of his cases and it had no knowledge of the whereabouts of such
property.





[7]  A declaratory
judgment is appropriate only if a justiciable controversy exists as to the
rights and status of the parties and the controversy will be resolved by the
declaration sought.  See Bonham State
Bank v. Beadle, 907 S.W.2d 465, 467 (Tex. 1995).  A justiciable controversy requires the
existence of a real and substantial controversy involving a genuine conflict of
tangible interests and not merely a theoretical dispute.  Id. 
In his suit, Nabelek seeks a judicial determination concerning the
constitutionality of the attorney exception found within section 552.028(a)(2),
effective May 21, 1999, as applied to the DAHC=s
denials of his requests for information. 
Nabelek=s claims are for prospective relief; no justiciable
controversy exists.





[8]  In a
post-submission brief, Nabelek argues that in the event the conviction for
which he is currently serving time is overturned, he is entitled to the
information he requested from the DAHC under the Texas Open Records Act because
his status would have beeen that of a detainee at the time of his requests
instead of an inmate.  Given the
speculative and conclusory nature of Nabelek=s
argument and the lack of citation to any authority, we conclude Nabelek failed
to adequately brief this issue and, consequently, waived this contention.  Tex.
R. App. P. 38.1(h) (requiring an appellant to provide concise argument,
and authority in support thereof, in his brief).





[9]  In his
appellate briefs, Nabelek asserts three additional reasons why the telephonic
hearing was required to be recorded. 
First, he argues Texas Civil Practice and Remedies Code section 14.008,
which governs hearings conducted by video communications technology,
required the telephonic hearing to be recorded. 
See Tex. Civ. Prac. &
Rem. Code Ann. ' 14.008(b) (Vernon 2002).  However, this section is inapplicable to the
case at bar because the September 13, 2002 hearing was conducted via telephone
and not via video communications technology. 
Second, Nabelek argues that to the extent the reporter=s record may be considered lost or destroyed,
he is entitled to a new trial hearing under Texas Rule of Appellate Procedure
34.6(f).  Tex. R. App. P. 34.6(f) (describing circumstances under which
an appellant is entitled to a new trial due to a lost or destroyed
record).  Rule 34.6(f) also is
inapplicable; the hearing was never recorded in the first place, so the
reporter=s record cannot be considered lost or destroyed.  Finally, Nabelek asserts the telephonic
hearing should have been recorded under Texas Rule of Civil Procedure
199.1.  Tex.
R. CIV. P. 199.1.  However, Rule
199.1 governs depositions upon oral examination and has no bearing on a court
reporter=s duty to record a telephonic hearing before the trial
court.





[10]  Texas
Government Code section 52.046 provides the following:

(a)        On request, an official court reporter shall:

(1)        attend all sessions of the court;

(2)        take full shorthand notes of oral testimony offered before
the court, including objections made to the admissibility of evidence, court
rulings and remarks on the objections, and exceptions to the rulings;

(3)        take full shorthand notes of closing arguments if requested to
do so by the attorney of a party to the case, including objections to the
arguments, court rulings and remarks on the objections, and exceptions to the
rulings;

(4)        preserve the notes for future reference for three years from
the date on which they were taken;  and

(5)        furnish a transcript of the reported evidence or other
proceedings, in whole or in part, as provided by this chapter.

(b)        An official court reporter of a district court may conduct
the deposition of witnesses, receive, execute, and return commissions, and make
a certificate of the proceedings in any county that is included in the judicial
district of that court.

(c)        The supreme court may adopt rules consistent with the
relevant statutes to provide for the duties and fees of official court
reporters in all civil judicial proceedings.

(d)        A judge of a county court or county court at law shall
appoint a certified shorthand reporter to report the oral testimony given in
any contested probate matter in that judge=s court.

Tex. Gov=t Code Ann. ' 52.046 (Vernon 2005) (emphasis added).





[11]    Nabelek
asserts on appeal that Aat the commencement of the hearing, [he] specifically
requested orally that the hearing/conference was to be recorded by both a tape
recorder as well as a court reporter,@ and he
attached to his appellate brief an affidavit in which he attests to this oral
request.  We may not consider a document
attached as an appendix to a brief and must consider a case based upon the
record filed.  Cherqui v. Westheimer
Street Festival Corp., 116 S.W.3d 337, 342 n.2 (Tex. App.CHouston [14th Dist.] 2003, no pet.).